Nick SAPHARAS, Petitioner,

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 91–380V.

United States Court of Federal Claims.

April 22, 1996.

E. Tasso Paris, Cleveland, Ohio, for petitioner.

Gerard W. Fischer, Assistant Director, Washington, D.C., with whom were Frank W. Hunger, Assistant Attorney General, Helene M. Goldberg, Director, and John Lodge Euler, Deputy Director, for respondent.

### ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on petitioner's "motion to modify judgment," filed March 14, 1996. For the reasons set forth below, petitioner's motion is denied.

### FACTS

Nick Sapharas filed a petition on January 30, 1991, seeking relief under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–1 to 300aa–34 (1994). On February 6, 1995, petitioner filed a motion for extension of time in which to provide additional medical information. That motion was granted and the additional records became due on April 13, 1995. Nearly seven months passed and petitioner failed to contact the court for any purpose, including to submit additional medical information. On October 30, 1995, the chief special master issued an order, placing petitioner on notice that failure to comply with the court's order would result in dismissal of the claim. That order stated in part:

> ... recognizing the harsh sanction of dismissal, the court will grant petitioner one *last* opportunity to respond.

Accordingly, petitioner shall comply with the court's Order by no later than November 30, 1995. Petitioner is on notice that failure to comply with this Order *shall* result in dismissal of this claim.

(Emphasis in original).

On January 26, 1996, the chief special master "interpret[ed] petitioner's failure to respond as either an inability or unwillingness to prove its case[,]" whereupon the petition was dismissed "for failure to substantiate and to prosecute [the] case." The Clerk entered judgment on February 27, 1996, dismissing the petition "for failure to substantiate and to prosecute." Forty-eight days after the dismissal order was issued, petitioner filed, through his attorney, E. Tasso Paris, a "motion to modify judgment." Petitioner does not ask the court to review or reconsider the dismissal; rather, he merely requests that the court modify the judgment insofar as it contains the "and to prosecute" language.

## DISCUSSION

■ The court first notes that this motion could be summarily denied based on petitioner's failure to file in a timely manner or otherwise in accordance with the Rules of the court. If what petitioner intended to file was a motion to alter or amend a judgment under RCFC 59(d), such a motion is improper at this time for two reasons. First, Vaccine Rule 1 states that the Rules of the Court of Federal Claims "apply only to the extent referenced." For example, Vaccine Rule 31 references RCFC 59, providing for the filing of a motion for reconsideration of a judge's decision reviewing a special master's decision. However, petitioner's motion is not one for review under the Vaccine Rules. Thus, the motion for reconsideration provided for in Vaccine Rule 31, in conjunction with RCFC 59, does not apply. Even if petitioner's motion was a motion for review under Vaccine Rule 23, such a motion needed to be filed within 30 days after the special master's decision, here, no later than February 25, 1996. Thus, Vaccine Rule 23 would also be inapplicable. Second, even if petitioner were permitted to file a motion to alter or amend judgment under RCFC 59(d), such motion must be filed no later than 10 days after the

entry of judgment. Petitioner missed the filing deadline under RCFC 59(d). Notwithstanding these deficiencies in petitioner's motion, the court will nevertheless consider and decide the motion on the merits.

■ The Vaccine Act states that the court has the authority to review and "set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 42 U.S.C. § 300aa–12(e)(2)(B). According to the Federal Circuit, this is a "highly deferential standard of review." *Hines v. Secretary of Dep't of Health & Human Servs.,* 940 F.2d 1518, 1528 (Fed.Cir.1991). "If the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Id.*

More specifically, the Federal Circuit has articulated standards for reviewing an involuntary dismissal under RCFC 41(b) which this court will apply in reviewing the chief special master's dismissal in this case. Under RCFC 41(b), "the court may dismiss a case on its own motion, '[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court....' " *Claude E. Atkins Enters., Inc. v. United States,* 899 F.2d 1180, 1183 (Fed.Cir.1990). The Federal Circuit continued by noting that "the trial court's exercise of discretion will not be disturbed on appeal 'unless upon a weighing of relevant factors we are left with "a 'definite and firm conviction' that the court below committed a clear error of judgment." ' " *Id.* (citations omitted).

■ In support of petitioner's motion, attorney Paris provided the following information:

... An exhaustive search to locate all medical providers and there [sic] records was conducted. The amount of hours spent to locate all medical providers was substantial and more than appropriate.... This attorney's office father [sic] extended all funds necessary to secure the substantial amount of records which have in fact been submitted.

This attorney did everything possible to prosecute this case. Unfortunately, the medical information submitted to the Court has been deemed insufficient to substantiate Mr. Sapharas' claim.

(Petitioner's Motion at 1.) Petitioner cited no authority to support his motion. That attorney Paris made an exhaustive search to locate medical records and extended funds to secure those records says nothing as to petitioner's failure to prosecute his claim. On the contrary, even the noblest of efforts to locate medical records are in vain if a party fails to respond to court orders which affect those records. Petitioner moved for an extension of time in February 1995 and did not contact the court again until March 1996 when the motion to modify was filed. Not only did petitioner fail to meet the court's April 13, 1995 deadline, but he also ignored the chief special master's "warning" order, clearly placing petitioner on notice that failure to respond to the court's order by November 30, 1995, would result in dismissal of the claim.

The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute. Petitioner has provided no information or authority to persuade the court otherwise. This is a straightforward case of an attorney's failure to prosecute his client's case; therefore, the court refuses to modify the final judgment. *See Tsekouras v. Secretary of Dep't of Health & Human Servs.,* 26 Cl.Ct. 439 (1992), *aff'd,* 991 F.2d 810 (Fed.Cir.1993) (sustaining the special master's dismissal for failure to prosecute and for not complying with court orders).

### CONCLUSION

Based on the foregoing discussion, petitioner's motion to modify is denied.

**IT IS SO ORDERED.**