# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 02-0989V
### Filed: November 5, 2013

* * * * * * * * * * * * * * * * * * * * * * * * * *

CHARLENE RUSSELL, parent of    *
JOSEPH RUSSELL, a minor,    *
   *
       Petitioner,    *
     v.    *
   *
   *
SECRETARY OF HEALTH    *
AND HUMAN SERVICES,    *
   *
       Respondent.    *
   *

Autism; Failure to Prosecute; Failure to Follow Court Orders; Dismissal

* * * * * * * * * * * * * * * * * * * * * * * * * *

Harry G. Potter, III, Esq., Conway, Homer & Chin-Caplan, Boston, MA, for petitioner.
Ann Martin, Esq., U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION[1]

**Vowell,** Chief Special Master:

On August 16, 2002, Charlene Russell ["petitioner"] filed a claim for compensation pursuant to the National Vaccine Injury Compensation Program ["Vaccine Program" or "the Program"][2] on behalf of her son, Joseph Russell ["Joseph"]. Petitioner filed the short-form petition authorized by Autism General Order #1,[3] thereby joining the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The National Vaccine Injury Compensation Program ["Vaccine Program" or "the Program"] is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. § 300aa-10 et seq. (2006) ["Vaccine Act" or "the Act"]. All citations in this Order to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

[3] Autism General Order #1 adopted the Master Autism Petition for Vaccine Compensation for use by petitioners filing claims intended to be part of the OAP. By electing to file a Short-Form Autism Petition for Vaccine Compensation petitioners alleged that:

Omnibus Autism Proceeding ["OAP"].[4]

## I. Procedural History.

While causation hearings in the test cases were held and entitlement decisions were issued,[5] petitioner was ordered to file the medical records necessary to establish that her case was timely filed. *See* Order, issued May 15, 2008, at 1, 5. Petitioner filed medical records on September 16, 2008. *See* Petitioner's Exhibits ["Pet. Exs."] 1-6.

In response, respondent filed a motion to dismiss, arguing the petition was filed more than three months after the expiration of the Vaccine Act's statute of limitations. Respondent's Motion to Dismiss ["Res. Motion to Dismiss"], filed Oct. 14, 2008, at 1; *see* § 16(a)(2) (the Vaccine Act's statute of limitations). Petitioner filed a response to the motion to dismiss, arguing that the petition was timely filed but that "the determination of timeliness of filing . . . [would] ultimately depend upon a clarification of the Federal Circuit's decision in *Markovich v. Sec'y of HHS,* 477 F.3d 1353 (Fed. Cir. 2007)." Petitioner's Response to Respondent's Motion to Dismiss ["Pet. Response to Res. Motion"], filed Aug. 14, 2009, at 2. Petitioner asserted that the outcome of the *Wilkerson v. Sec'y, HHS*, No. 05-232V, 2008 WL 4636329 (Fed. Cl. Spec. Mstr. Sept. 30, 2008), currently on appeal before the United States Court of Appeals for the Federal Circuit,[6] would provide the needed clarification. *Id.* at 2-3.

Following resolution of the OAP test cases,[7] petitioner was ordered to inform the

---

[a]s a direct result of one or more vaccinations covered under the National Vaccine Injury Compensation Program, the vaccinee in question has developed a neurodevelopmental disorder, consisting of an Autism Spectrum Disorder or a similar disorder. This disorder was caused by a measles-mumps-rubella (MMR) vaccination; by the "thimerosal" ingredient in certain Diphtheria-Tetanus-Pertussis (DTP), Diphtheria-Tetanus-acellular Pertussis (DTaP), Hepatitis B, and Hemophilus Influenza Type B(HIB) vaccinations; or by some combination of the two.

Autism General Order # 1. The text of Autism General Order #1 can be found at http://www.uscfc.gov/sites/default/files/autism/Autism. ["Autism Gen. Order # 1"], 2002 WL 31696785 (Fed.Cl.Spec.Mstr. July 3, 2002).

[4] A detailed discussion of the OAP can be found at *Dwyer v. Sec'y, HHS.,* No. 03-1202V, 2010 WL 892250, at *3 (Fed. Cl. Spec. Mstr. Mar. 12, 2010).

[5] The Petitioners' Steering Committee ["PSC"], an organization formed by attorneys representing petitioners in the OAP, litigated six test cases presenting two different theories on the causation of Autism Spectrum Disorders ["ASDs"].

[6] Review was denied by Judge Hodges at the United States Court of Federal Claims. *Wilkerson v. Sec'y, HHS*, 2009 WL 1583527 (Fed. Cl. Apr. 3, 2009). In 2010, the Federal Circuit affirmed the decision of the special master. *Wilkerson v. Sec'y, HHS*, 593 F.3d 1343 (2010).

[7] The Theory 1 cases are *Cedillo v. Sec'y, HHS.*, No. 98-916V, 2009 WL 331968 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), aff'd, 89 Fed. Cl. 158 (2009), aff'd, 617 F.3d 1328 (Fed. Cir. 2010); *Hazlehurst v. Sec'y, HHS.*, No. 03-654V, 2009 WL 332306 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), aff'd, 88 Fed. Cl. 473 (2009), aff'd, 604 F.3d 1343 (Fed. Cir. 2010); *Snyder v. Sec'y, HHS.*, No. 01-162V, 2009 WL 332044 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), aff'd, 88 Fed. Cl. 706 (2009). Petitioners in Snyder did not appeal the

court whether she wished to proceed with her claim or exit the Vaccine Program. *See* Order, issued Aug. 20, 2012, at 2-3. Petitioner indicated that she wished to continue with her claim but failed to file an amended petition as ordered, instead informing me that petitioner's counsel would be withdrawing from her case. Response, filed Dec. 20, 2012, at 1. A few days later, petitioner requested additional time to file the appropriate motions for counsel to withdraw. Motion, filed Dec. 26, 2013, at 1.

I granted petitioner's request. Although I understood that petitioner's counsel would be withdrawing, I ordered the parties to file briefs addressing the issue of whether the case was timely filed in light of the Federal Circuit's guidance regarding the Vaccine Act's statute of limitations in Wilkerson, *see supra* note 6, as well as a more recent decision, *Cloer v. Sec'y, HHS*, 954 F.3d 1322 (Fed. Cir. 2011). *See* Order, issued Jan. 2, 2013, at 2.

Over the next few months, the parties filed their briefs and petitioner filed a motion, requesting interim attorneys' fees and costs. However, petitioner's counsel did not file the anticipated motion to withdraw.

After reviewing the parties' submissions and medical records filed in this case, I decided to defer ruling on respondent's motion to dismiss. I informed the parties of my decision and ordered petitioner to file an expert report which addresses "both vaccine causation and the timing of Joseph's first symptom or manifestation of injury." Order, issued July 30, 2013, at 2. I instructed petitioner's counsel to file any request to withdraw by the same deadline. *Id.*

Petitioner filed her response on September 30, 2013, indicating she had not retained "alternate counsel" or "an expert to provide an expert report." Response, filed Sept. 30, 2013, at 1. Petitioner informed me that "[i]n an effort to facilitate the pendency of the remaining proceedings between the Court and petitioner, petitioner's counsel will not withdraw as attorney of record." *Id.* Petitioner added that she "has briefed the issue of her case being timely filed in her March 13, 2013 Response to the Court's Show Cause Order and Supplemental Response to Respondent's Motion to Dismiss."

## II. Failure to Prosecute.

I agree that petitioner has provided medical records and submissions addressing the issue of whether the petition was timely filed. However, petitioner has provided no evidence regarding her claim that the vaccines Joseph received caused his autism. The medical records filed by petitioner do not support vaccine causation and, petitioner has failed to file an amended petition or expert report as ordered. *See* Orders, issued Aug. 20, 2011; Nov. 20, 2011; July 30, 2013; Oct. 2, 2013.

decision of the U.S. Court of Federal Claims. The Theory 2 cases are *Dwyer v. Sec'y, HHS*., No. 03-1202V, 2010 WL 892250 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); *King v. Sec'y, HHS*., No. 03-584V, 2010 WL 892296 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); *Mead v. Sec'y, HHS*., No. 03-215V, 2010 WL 892248 (Fed. Cl. Spec. Mstr. Mar. 12, 2010). The petitioners in each of the three Theory 2 cases chose not to appeal.

It is petitioner's duty to respond to court orders. Failure to respond to a court order because the petitioner has failed to stay in contact with her attorney is deemed noncompliance with a court order, and noncompliance will not be tolerated. As I reminded petitioner in my October 2, 2013, order, failure to follow court orders, as well as failure to file medical records or an expert medical opinion, shall result in dismissal of petitioner's claim. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

### III. Causation.

To receive compensation under the Program, petitioner must prove either 1) that Joseph suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of Joseph's vaccinations, or 2) that Joseph suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Under the Vaccine Act, a special master cannot find a petitioner has proven her case by a preponderance of the evidence based upon "the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." § 13(a). Petitioner has failed to file sufficient medical records and evidence in this case. Thus, an examination of the record did not uncover any evidence that Joseph suffered a "Table Injury." Further, the record does not contain a medical opinion or any other persuasive evidence indicating that Joseph's autism spectrum disorder was vaccine-caused.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that Joseph suffered a "Table Injury" or that Joseph's injuries were "actually caused" by a vaccination. **This case is dismissed for insufficient proof and for failure to prosecute. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/Denise K. Vowell**</u>
**Denise K. Vowell**
Chief Special Master