# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 99-542V
Filed: November 26, 2013

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
ADAEL SHINN, mother and natural guardian of   *
PS, a minor,                                   *        Autism; Failure to Prosecute; Unable
                    Petitioner,                *        to Locate Petitioner
        v.                                     *
                                               *
SECRETARY OF HEALTH                            *
AND HUMAN SERVICES,                            *
                    Respondent.                *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION[1]

On July 29, 1999, petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that PS was injured by a vaccine or vaccines listed on the Vaccine Injury Table. *See* § 14.

On June 14, 2013, petitioner's counsel informed me that he had not been in contact with petitioner since 2006. Status Report filed June 14, 2013. Counsel further indicated that petitioner never gave counsel consent to proceed with this claim subsequent to the resolution of the OAP test cases. *Id.*; *see* Order filed December 6, 2011. Counsel further indicated that he had been actively attempting to locate Petitioner or another legal guardian of PS. *Id.*

On June 26, 2013, I ordered to petitioner to inform the court whether petitioner intended to proceed with this case or otherwise show cause within thirty days, why this case should not be dismissed for failure to prosecute. Thereafter, I gave petitioner's counsel multiple enlargements of time to locate petitioner or another legal guardian of PS to inform the court if this claim should proceed. *See* Orders filed July 31, 2013, and October 4, 2013. However, despite a

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

private investigator locating the father of PS, no contact was made with counsel by petitioner or another legal guardian of PS regarding proceeding with this claim.

There has been no indication since 2006 that petitioner or another legal guardian of PS wishes to proceed with the prosecution of this claim. Petitioner chose to file this case and has an obligation to stay in contact her counsel. Counsel cannot unilaterally elect to pursue the prosecution of a claim without a petitioner. Further, if a petitioner fails to remain in contact with her counsel, counsel is unable to comply fully with court orders. In the instant case as respondent points out without petitioner's cooperation her counsel is unable to file updated medical records and therefore will not be able to file a complete medical report. *See* Motion to Dismiss filed June 18, 2013.

I.      The Omnibus Autism Proceeding

This case is one of more than 5,400 cases filed under the Program in which petitioners alleged that conditions known as "autism" or "autism spectrum disorders" ["ASD"] were caused by one or more vaccinations. A detailed history of the controversy regarding vaccines and autism, along with a history of the development of the OAP, was set forth in the six entitlement decisions issued by three special masters as "test cases" for two theories of causation litigated in the OAP and will not be repeated here.[3]

Ultimately, the Petitioners' Steering Committee ["PSC"], an organization formed by attorneys representing petitioners in the OAP, litigated six test cases presenting two different theories on the causation of ASDs. The first theory alleged that the measles portion of the measles, mumps, rubella vaccine could cause ASDs. That theory was presented in three separate Program test cases during several weeks of trial in 2007. The second theory alleged that the mercury contained in thimerosal-containing vaccines could directly affect an infant's brain, thereby substantially contributing to the causation of ASD. That theory was presented in three additional test cases during several weeks of trial in 2008.

Decisions in each of the three test cases pertaining to the PSC's first theory rejected the petitioners' causation theories. *Cedillo*, 2009 WL 331968, *aff'd*, 89 Fed. Cl. 158 (2009), *aff'd*, 617 F.3d 1328 (Fed. Cir. 2010); *Hazlehurst*, 2009 WL 332306, *aff'd*, 88 Fed. Cl. 473 (2009), *aff'd*, 604 F.3d 1343 (Fed. Cir. 2010); *Snyder*, 2009 WL 332044, *aff'd*, 88 Fed. Cl. 706 (2009).[4] Decisions in each of the three "test cases" pertaining to the PSC's second theory also rejected the petitioners' causation theories, and petitioners in each of the three cases chose not to appeal. *Dwyer*, 2010 WL 892250; *King*, 2010 WL 892296; *Mead*, 2010 WL 892248. Thus, the

---

[3] The Theory 1 cases are *Cedillo v. Sec'y, HHS*, No. 98-916V, 2009 WL 331968 (Fed. Cl. Spec. Mstr. Feb. 12, 2009); *Hazlehurst v. Sec'y, HHS*, No. 03-654V, 2009 WL 332306 (Fed. Cl. Spec. Mstr. Feb. 12, 2009); *Snyder v. Sec'y, HHS*, No. 01-162V, 2009 WL 332044 (Fed. Cl. Spec. Mstr. Feb. 12, 2009). The Theory 2 cases are *Dwyer v. Sec'y, HHS*, No. 03-1202V, 2010 WL 892250 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); *King v. Sec'y, HHS*, No. 03-584V, 2010 WL 892296 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); *Mead v. Sec'y, HHS*, No. 03-215V, 2010 WL 892248 (Fed. Cl. Spec. Mstr. Mar. 12, 2010).

[4] Petitioners in *Snyder* did not appeal the decision of the U.S. Court of Federal Claims.

proceedings in these six test cases are concluded. Petitioners remaining in the OAP must now decide whether to pursue their cases, and submit new evidence on causation, or take other action to exit the Program. The petitioner in this case has failed to inform the court how she intends to proceed.

## II.      Failure to Prosecute

It is petitioner's duty to respond to court orders. Failure to respond to a court order because petitioner has failed to stay in contact with her attorney is deemed noncompliance with a court order, and noncompliance will not be tolerated. As I reminded petitioner in my June 26, 2013 order, failure to follow court orders, as well as failure to file medical records or an expert medical opinion, shall result in dismissal of petitioner's claim. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

## III.      Causation In Fact

To receive compensation under the Program, petitioner must prove either 1) that PS suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of PS's vaccinations, or 2) that PS suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Under the Vaccine Act, a special master cannot find a petitioner has proven her case by a preponderance of the evidence based upon "the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." § 13(a). Petitioner has failed to file sufficient medical records and evidence in this case. Thus, an examination of the record did not uncover any evidence that PS suffered a "Table Injury." Further, the record does not contain a medical opinion or any other persuasive evidence indicating that PS's autism spectrum disorder was vaccine-caused.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that PS suffered a "Table Injury" or that PS's injuries were "actually caused" by a vaccination. **This case is dismissed for insufficient proof and for failure to prosecute. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master

3