# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 03-1525V
Filed: January 14, 2014
Not to be Published

| | |
|---|---|
| CHRIS RUPP and ELIZABETH RUPPP, Parents of IR, a Minor, **Petitioners,** v. SECRETARY OF HEALTH AND HUMAN SERVICES **Respondent.** | Autism; Failure to Prosecute; Failure to Follow Court Orders; Dismissal |

## DECISION[1]

On June 19, 2003, petitioners filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that IR was injured by a vaccine or vaccines listed on the Vaccine Injury Table. *See* § 14.

On April 26, 2013, petitioners were ordered to file a supplemental expert report in this case by no later than October 25, 2013. Petitioners were further ordered to file status reports on June 24, 2013, and August 23, 2013 updating the court on their

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

progress. *See* Order filed April 26, 2013. However, petitioners failed to file any status reports, the supplemental expert report, or any response to the April 26, 2013 Order. On November 4, 2013, petitioners were again ordered supplemental expert report or otherwise show cause by December 6, 2013, why this case should not be dismissed for failure to prosecute. Petitioners failed to respond to that order as well.

I.     The Omnibus Autism Proceeding

This case is one of more than 5,400 cases filed under the Program in which petitioners alleged that conditions known as "autism" or "autism spectrum disorders" ["ASD"] were caused by one or more vaccinations. A detailed history of the controversy regarding vaccines and autism, along with a history of the development of the OAP, was set forth in the six entitlement decisions issued by three special masters as "test cases" for two theories of causation litigated in the OAP and will not be repeated here.[3]

Ultimately, the Petitioners' Steering Committee ["PSC"], an organization formed by attorneys representing petitioners in the OAP, litigated six test cases presenting two different theories on the causation of ASDs. The first theory alleged that the measles portion of the measles, mumps, rubella vaccine could cause ASDs. That theory was presented in three separate Program test cases during several weeks of trial in 2007. The second theory alleged that the mercury contained in thimerosal-containing vaccines could directly affect an infant's brain, thereby substantially contributing to the causation of ASD. That theory was presented in three additional test cases during several weeks of trial in 2008.

Decisions in each of the three test cases pertaining to the PSC's first theory rejected the petitioners' causation theories. *Cedillo*, 2009 WL 331968, *aff'd*, 89 Fed. Cl. 158 (2009), *aff'd*, 617 F.3d 1328 (Fed. Cir. 2010); *Hazlehurst*, 2009 WL 332306, *aff'd*, 88 Fed. Cl. 473 (2009), *aff'd*, 604 F.3d 1343 (Fed. Cir. 2010); *Snyder*, 2009 WL 332044, *aff'd*, 88 Fed. Cl. 706 (2009).[4] Decisions in each of the three "test cases" pertaining to the PSC's second theory also rejected the petitioners' causation theories, and petitioners in each of the three cases chose not to appeal. *Dwyer*, 2010 WL 892250; *King*, 2010 WL 892296; *Mead*, 2010 WL 892248. Thus, the proceedings in these six test cases are concluded. Petitioners remaining in the OAP must now decide whether to pursue their cases, and submit new evidence on causation, or take other action to exit the Program.

---

[3] The Theory 1 cases are *Cedillo v. Sec'y, HHS*, No. 98-916V, 2009 WL 331968 (Fed. Cl. Spec. Mstr. Feb. 12, 2009); *Hazlehurst v. Sec'y, HHS*, No. 03-654V, 2009 WL 332306 (Fed. Cl. Spec. Mstr. Feb. 12, 2009); *Snyder v. Sec'y, HHS*, No. 01-162V, 2009 WL 332044 (Fed. Cl. Spec. Mstr. Feb. 12, 2009). The Theory 2 cases are *Dwyer v. Sec'y, HHS*, No. 03-1202V, 2010 WL 892250 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); *King v. Sec'y, HHS*, No. 03-584V, 2010 WL 892296 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); *Mead v. Sec'y, HHS*, No. 03-215V, 2010 WL 892248 (Fed. Cl. Spec. Mstr. Mar. 12, 2010).

[4] Petitioners in *Snyder* did not appeal the decision of the U.S. Court of Federal Claims.

II.     Failure to Prosecute

It is petitioners' duty to respond to court orders.  Failure to respond to a court order will not be tolerated.  As I reminded petitioners in my November 4, 2013 order, failure to follow court orders shall result in dismissal of petitioners' claim.  *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl.  503 (1996); Vaccine Rule 21(b).

Accordingly, t**his case is dismissed for failure to prosecute.  The clerk shall enter judgment accordingly.**


**IT IS SO ORDERED.**

<u>s/George L. Hastings, Jr.</u>
George L. Hastings, Jr.
Special Master

3