ORIGINAL

# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 03-1635V
(Filed: June 13, 2014)
**NOT TO BE PUBLISHED**

FILED

JUN 1 3 2014

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * *
```
                                        *
KIMBERLEY A. PARKER,                    *
parent of, QF, a minor,                 *
                                        *
                Petitioner,             *
                                        *      Failure to Prosecute;
                                        *      Failure to Follow Court Orders;
                                        *      Dismissal
        v.                              *
                                        *
SECRETARY OF HEALTH AND                 *
HUMAN SERVICES                          *
                                        *
                Respondent.             *
                                        *
```
* * * * * * * * * * * * * * * * * * * * * * * *

## DECISION DISMISSING PETITION FOR FAILURE TO PROSECUTE

HASTINGS, Special *Master*.

In this case under the National Vaccine Injury Compensation Program (hereinafter "the Program[1]"), Petitioner, on behalf of her minor child, seeks compensation for injuries that she alleges were caused by several vaccinations. After reviewing the record, I have decided to dismiss this case for failure to prosecute, for the reasons set forth below.

## I

## THE OMNIBUS AUTISM PROCEEDING

This case is one of more than 5,400 cases filed under the Program in which petitioners alleged that conditions known as "autism" or "autism spectrum disorders" ["ASD"] were caused by one or more vaccinations. A detailed history of the controversy regarding vaccines and autism, along with a history of the development of the Omnibus Autism Proceeding, was set

---

[1] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C., §300aa-10 et seq. Hereinafter, individual section references will be to 42 U.S.C. §300aa of the Act.

forth in the six entitlement decisions issued by three special masters as "test cases" for two theories of causation litigated in the Omnibus Autism Proceeding, and will not be repeated here.

Ultimately, the Petitioners' Steering Committee ["PSC"], an organization formed by attorneys representing petitioners in the Omnibus Autism Proceeding, litigated six test cases presenting two different theories on the causation of ASDs. The first theory alleged that the measles portion of the measles, mumps, rubella vaccine could cause ASDs. That theory was presented in three separate Program test cases during several weeks of trial in 2007. The second theory alleged that the mercury contained in thimerosal-containing vaccines could directly affect an infant's brain, thereby substantially contributing to the causation of ASD. That theory was presented in three additional test cases during several weeks of trial in 2008.

Decisions in each of the three cases pertaining to the PSC's *first* theory rejected the petitioners' causation theories. *Cedillo v. HHS*, No. 98-916V, 2009 WL 331968 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 89 Fed. Cl. 158 (2009), *aff'd*, 617 F.3d 1328 (Fed. Cir. 2010); *Hazlehurst v. HHS*, No. 03-654V, 2009 WL 332306 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 88 Fed. Cl. 473 (2009), *aff'd*, 604 F.3d 1343 (Fed. Cir. 2010); *Snyder v. HHS*, No. 01-162V, 2009 WL 332044 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 88 Fed. Cl. 706 (2009).[2] Decisions in each of the three "test cases" pertaining to the PSC's *second* theory also rejected the petitioners' causation theories, and the petitioners in each of those three cases chose not to appeal. *Dwyer v. HHS*, No. 03-1202V, 2010 WL 892250 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); *King v. HHS*, No. 03-584V, 2010 WL 892296(Fed. Cl. Spec. Mstr. Mar. 12, 2010); *Mead v. HHS*, No. 03-215V, 2010 WL 892248 (Fed. Cl. Spec. Mstr. Mar. 12, 2010). Thus, the proceedings in these six cases concluded in 2010. Thereafter, the Petitioner in this case, and the petitioners in other cases within the Omnibus Autism Proceeding, were given instructions concerning how to proceed, if they chose to do so. (*See* the Order filed in this case on Dec. 20, 2011.)

## II

## PROCEDURAL HISTORY OF THIS CASE

On July 2, 2003, Petitioner filed a "Short-Form Autism Petition for Vaccine Compensation," on behalf of her child, QF, under the Vaccine Act. By filing the Short-Form Petition, the Petitioner, in effect, alleged that as a result of one or more vaccinations covered under the Program, QF developed a neurodevelopmental disorder, consisting of an Autism Spectrum Disorder or similar disorder, and that such disorder was caused by measles-mumps-rubella (MMR) vaccination; by the "thimerosal" ingredient in certain Diphtheria-Tetanus-Pertussis (DTP), Diphtheria-Tetanus-acellular Pertussis (DtaP), Hepatitis B, and Hemophilus Influenza Type B (HIB) vaccinations; or by some combination of the two. (*Autism General Order #1*, 2002 WL 3169785*8 (Fed. Cl. Spec. Mstr., July 3, 2002).) The petition provided no specific details regarding the nature of the alleged vaccine-related injury to QF.

After the Omnibus Autism Proceeding "test cases" were decided (*see* Section I), I issued an Order on December 20, 2011, requiring Petitioner to file an amended petition that included

---

[2] The petitioners in *Snyder* did not appeal the decision of the U.S. Court of Federal Claims.

medical records, a medical expert's opinion, or other reliable medical evidence to support her claim. (Order, at 2-3.) Because Petitioner failed to file these documents, I issued an Order to Show Cause on May 16, 2012, directing Petitioner to inform the Court how she wished to proceed, or otherwise indicate why the case should not be dismissed for failure to prosecute. (Order to SC, at 1-2.) After Petitioner failed to respond to this Order, I issued a decision dismissing the case on June 19, 2012.

On June 18, 2013, Petitioner filed both a motion to relieve her attorney, James Ferrell, of his duties so that she could represent herself *pro se*, and a "Motion for Post Judgment Relief and a Declaration of Attorney Misconduct" pursuant to RCFC Appendix B Rule 36 and RCFC Rule 60. I granted the motion allowing Petitioner to represent herself *pro se* on June 24, 2013, and I issued an Order granting the motion for relief from judgment on October 25, 2013.

On November 6, 2013, I issued an Order requiring Petitioner to file all relevant medical records within 90 days. (Order, at 2.) Subsequent to this, I twice granted Petitioner enlargements of time to file the necessary records. (Order, filed on Feb. 5, 2014; Order, filed on Mar. 14, 2014.) However, Petitioner failed to comply with these orders, and on May 2, 2014, I issued an Order to Show Cause why the case should not be dismissed for failure to respond to a court Order. Petitioner again failed to respond.

## III

## DISCUSSION

### A. *Petitioner failed to file a response to my Order to Show Cause*

On May 2, 2014, I issued an Order to Show Cause, stating as follows:

> On November 6, 2013, I filed an Order allowing 90 days for petitioner, Kimberly A. Parker, to file all the medical records that are relevant to this case. On February 5, 2014, I filed an Order allowing Petitioner additional time, until March 7, 204, to file Petitioner's medical records. On March 14, I issued an Order allowing Petitioner an enlargement of time, until April 14, 2014, to file the medical records that are relevant to this case. However, Petitioner has not filed the relevant medical records.
>
> Although I am deeply sympathetic regarding [QF's] disorder, it is still a Petitioner's obligation to follow court orders. Failure to follow court orders **will result in dismissal of Petitioner's claim.** Tsekouras v. Sec'y of HHS, 26 Cl. Ct. 439 (1992), 991 F.2d 810 (Fed. Cir. 1993) aff'd per curiam without opin.; Sapharas v. Sec'y of HHS, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Petitioner is hereby ordered to **show cause within thirty days** of the date of this Order, why this case should not be dismissed for failure to respond to a court Order.

**Failure to file a response to this Order to Show Cause will be interpreted as a failure to prosecute this claim, and the petition shall be dismissed.**

Petitioner has failed to file a response to this Order, and she has not otherwise explained why this case should not be dismissed. Petitioner was notified that failing to respond to the Order to Show Cause would be interpreted as a failure to prosecute the claim.

### B. *Petitioner failed to file any medical records or expert reports*

Petitioner filed the instant petition almost eleven years ago, on July 2, 2003. Despite numerous Orders, Petitioner has failed to file any medical records relevant to this case, and has not filed any expert report.

### C. *Conclusion*

Because Petitioner failed to respond to the Order to Show Cause issued on May 2, 2014, and because Petitioner has failed for eleven years to provide any relevant medical records, expert reports, or to otherwise prove her case, **this case is dismissed for failure to prosecute or prove the case. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

George L. Hastings, Jr.
Special Master

4