# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 06-831V
Filed: May 4, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  **UNPUBLISHED**

DREYTON JAKES,       \*

      \*       Special Master Hamilton-Fieldman

      Petitioner,       \*

      \*

v.       \*       Dismissal for Failure to Prosecute;

      \*       Dismissal for Insufficient Proof;

SECRETARY OF HEALTH       \*       Influenza ("Flu") Vaccine;

AND HUMAN SERVICES,       \*       Neurological Injuries.

      \*

      Respondent.       \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Neal Jordan Fialkow, Pasadena, CA, for Petitioner.
Linda Renzi, United States Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On December 7, 2006, Carol Jakes filed a petition for compensation on behalf of her son, Dreyton ("Petitioner"),[2] under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2012) ("Vaccine Act"). Ms. Jakes alleged that an influenza ("flu") vaccine administered to Dreyton Jakes on December 12, 2003 caused him to suffer from neurological injuries. On August 18, 2014, Petitioner filed a second amended petition in which he alleged that the flu vaccine caused or significantly aggravated Petitioner's "progressive neurological deficits" and "a continuing demyelinating disease of the brain and spinal cord." The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On March 4, 2016, the undersigned issued an Order denying Petitioner's motion to exclude

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The undersigned subsequently amended the case caption to reflect the fact that Dreyton Jakes had reached the age of majority. See Order, filed June 18, 2015, at 1.

portions of the medical records and a Finding of Fact regarding the date of onset of Petitioner's allegedly vaccine-caused injury ("Order").  In the Order, the undersigned directed Petitioner to file, by no later than April 29, 2016, an expert report that includes a causation theory consistent with the onset ruling set forth therein.  The undersigned warned Petitioner that "[f]ailure to file such an expert report will result in dismissal of Petitioner's vaccine claim."

As of today's date, Petitioner has filed neither an expert report nor a motion for extension of time.  The undersigned observes that this is not the first time that Petitioner's counsel has failed to comply with filing deadlines.  *See* Show Cause Order, issued January 10, 2014; Show Cause Order, issued June 4, 2015.  The undersigned also notes that this case has been pending over nine years, and that Petitioner has had ample opportunity to investigate and prove his vaccine claim.

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine.  *See* §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury."  Further, the record does not contain any persuasive evidence that Petitioner's injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion which incorporates the undersigned's findings regarding onset must be offered in support.  Petitioner, however, has offered no such opinion.

Moreover, it is Petitioner's duty to respond to court orders.  Failure to follow court orders, as well as failure to file medical records or an expert medical opinion, shall result in dismissal of petitioner's claim.  *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl.  503 (1996); Vaccine Rule 21(b).

In light of the above, the undersigned hereby DENIES this petition.  **This case is dismissed for failure to prosecute and for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

       **IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master