# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-930V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PATRICE MOCZEK, *parent and natural*    \*    Special Master Corcoran
*guardian of* K.H., *her daughter, a minor*,    \*
     \*    Filed: September 29, 2017
     Petitioner,    \*
     v.    \*
     \*    Dismissal of Petition; Vaccine
SECRETARY OF HEALTH    \*    Act; Denial Without Hearing; Failure
AND HUMAN SERVICES,    \*    to Prosecute.
     \*
     Respondent.    \*
     \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*James B. Blumenstiel*, Powell, OH, for Petitioner.

*Robert P. Coleman*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On August 3, 2016, Patrice Moczek filed a petition seeking compensation under the National Vaccine Injury Compensation Program on behalf of her minor daughter, K.H.[2] The Petition alleged that the human papillomavirus, meningococcal, and tetanus diphtheria-acellular-pertussis vaccines that K.H. received on August 15, 2013, caused her to suffer from leg pain, headaches, and fatigue. *See* Petition ("Pet.") at 1.

---

[1] Although this decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The first six months of the case were dedicated to filing complete medical records. Thereafter, on May 10, 2017, Respondent filed his Rule 4(c) Report. That Report contested the appropriateness of an entitlement award. *See* Rule 4(c) Report, dated May 10, 2017. Respondent specifically contended that the medical records indicated that K.H. had a pre-existing condition that caused her symptoms. *Id.* at 21.

I subsequently ordered Respondent to address (by filing a status report) the expert reports that were filed by Petitioner very early on in the case. *See* Scheduling Order, dated May 24, 2017. Respondent raised objections to the expert opinions submitted by Petitioner, which included their qualifications and that their opinions seemed unsupported by the medical records. *See* Status Report, dated June 23, 2017 (ECF No. 32).

After holding a conference to discuss the above, I ordered Petitioner to file a status report indicating whether she intended to file an additional expert opinion correcting such deficiencies. *See* Scheduling Order, dated July 7, 2017. In late July, Petitioner filed that status report stating that she had retained an immunologist to opine on the case, whose review would be complete in three weeks. *See* Status Report, dated July 31, 2017 (ECF No. 35). I therefore set a deadline of September 8, 2017—more time than the Petitioner requested—for Petitioner's new expert report to be filed.

Petitioner entirely missed the September 8, 2017, deadline. Thus, on September 12, 2017, I ordered Petitioner to file her expert report immediately. *See* Scheduling Order, dated Sept. 12, 2017 (ECF No. 36). After Petitioner ignored that deadline as well, I ordered Petitioner to show cause immediately why her case should not be dismissed for failure to comply with my orders. *See* Order to Show Cause, dated Sept. 19, 2017 (ECF No. 37). Despite this order, Petitioner still has not filed her supplemental expert report, nor filed a response of any kind to my order to show cause.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Petitioner had several chances to offer a supplemental report or other evidence that would support her claim, and she failed to submit such evidence into the record. It is therefore appropriate to dismiss the claim for failure of proof.

In addition, Petitioner's claim must be dismissed due to her repeated failures to comply with my orders. A petitioner's inaction and failure to abide by court orders risks dismissal of a claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Petitioner ignored a deadline set by an Order I issued, and then ignored a

second warning that the case would soon be dismissed if she again failed to respond. In each instance I provided her with more than enough time to contact my chambers or file some kind of status report. She was therefore on ample notice of the risks she took not taking my orders seriously.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof and failure to prosecute. The Clerk shall enter judgment accordingly.[3]**

 **IT IS SO ORDERED.**

 /s/ Brian H. Corcoran
 Brian H. Corcoran
 Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite judgment by filing a joint notice renouncing their right to seek review.