# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-350-V

* * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| CHERYL WEAKLEY, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: January 13, 2025 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Jonathan J. Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Emily Hanson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On March 10, 2023, Cheryl Weakley filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she developed a shoulder injury related to vaccine administration ("SIRVA") after receipt of the flu vaccine on October 24, 2020. Petition (ECF No. 1). One year later, on April 9, 2024, Petitioner filed an amended petition alleging a different injury: that she developed Polymyalgia Rheumatica ("PMR") as a result of the same vaccination. Amended Petition (ECF No. 15).

On August 29, 2024, I held an initial telephonic status conference with the parties in this matter. During the status conference, I explained that the Program has generally not deemed PMR to be a vaccine-caused injury, and therefore it was highly unlikely this claim could succeed. But I provided Petitioner the opportunity to attempt to identify any new scientific or medical findings

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

bearing on the subject that would justify re-examining whether PMR could be a vaccine-associated injury.

To that end, on September 3, 2024, I issued a Scheduling Order directing Petitioner to file a brief showing cause (on or before October 31, 2024), why the case should not be dismissed for failure to satisfy *Althen* Prong One. Scheduling Order (ECF No. 23) ("Order"). On the day of the deadline, Petitioner filed an Unopposed Motion for Extension of Time, requesting that the show cause deadline be extended a little over one month, to December 2, 2024. (ECF No. 24). I granted the motion.

However, on December 2, 2024, Petitioner filed a second extension request (ECF No. 25). I granted this motion as well, but made clear that I would not entertain any future motions for extension of time. *See* December 2, 2024 Docket Entry. The new deadline to respond to the September 3rd Show Cause Order was set for January 2, 2025. But Petitioner has failed to comply with the Order and has not otherwise asked again for additional extensions.

Under Vaccine Rule 21(c), a special master may dismiss a petition for failure of the petitioner to prosecute or comply with any order of the special master. In this case, Petitioner requested two extensions (each time at the very last minute), both of which were granted, but has allowed the most recent deadline to pass without action. Moreover, Petitioner has been on notice as to my reasoned concerns about the claim's viability – and despite due opportunity, has failed to act.

At bottom, Petitioner lacks the scientific/medical support needed to substantiate her claim. Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A). And dismissal is also appropriate for failure to adhere to my prior orders. *See* Vaccine Rule 21(c); *see also Sapharas v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 503 (1996*); Tsekouras v. Sec'y of Health & Hum. Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 819 (Fed. Cir. 1993).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, and pursuant to Vaccine Rule 21(c)(2), the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

/s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master