# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-378V
### UNPUBLISHED

| | |
|---|---|
| KENNETH HENDREE,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br><br>Filed: May 18, 2026 |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On March 3, 2025, Kenneth Hendree filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleged that he developed Guillain-Barré syndrome from an influenza vaccine he received on August 28, 2023. ECF No. 1. Mr. Hendree subsequently passed away on July 23, 2025. Exhibit 18 (death certificate). Due to the failure of Mr. Hendree's estate to prosecute the vaccine claim, this case is **DISMISSED**.

### Relevant Procedural History

On November 3, 2025, Petitioner's counsel filed a motion to suspend proceedings pursuant to Vaccine Rule 9 reporting Mr. Hendree's passing. ECF No. 17. Counsel stated he was in contact with Mr. Hendree's next of kin to determine if someone would continue pursuing the vaccine claim on behalf of Mr. Hendree.

After additional suspensions of proceedings, counsel ultimately filed a status report on March 5, 2026, stating that Mr. Hendree's family had decided to stop pursuing

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

his vaccine claim. ECF No. 30. Counsel requested guidance on the procedural steps to close this case.

In one of the motions to suspend proceedings, counsel stated that Mr. Hendree's family had "contacted local counsel regarding the process of appointing an administrator of Mr. Hendree's estate." ECF No. 23. Because it was unclear if Mr. Hendree's estate has been established or if an administrator of the estate has been appointed, I issued an order to show cause for Mr. Hendree's family to submit proof of Mr. Hendree's estate and actively file a motion to dismiss or for the case to be passively dismissed for failure to prosecute. ECF No. 31.

On April 6, 2026, Petitioner's counsel filed a certified mail receipt for the order to show cause being served on Mr. Hendree's family. ECF No. 32. No additional filings from either Mr. Hendree's estate or family have been submitted.

### Grounds for Dismissal

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the Order to Show Cause that failure to respond risked dismissal of the claim. As noted above, Mr. Hendree's family did not intend to continue pursuing the vaccine claim. Due to the absence of any filings indicating an intent to the contrary, dismissal is now appropriate.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."