**CLAUDE E. ATKINS ENTERPRISES, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**No. 89–1469.**

United States Court of Appeals, Federal Circuit.

March 20, 1990.

---

Rules of the Claims Court, to furnish the government with a pretrial statement on the evidence to be introduced at trial.

Atkins asserts that it complied with the January 6, 1989 order and, therefore, the Claims Court abused its discretion in dismissing the complaint. Atkins also contends that, by dismissing its complaint without prior notice and an opportunity to be heard, the Claims Court violated Atkins' right to procedural due process under the fifth amendment to the United States Constitution.

The questions presented are whether the Claims Court abused its discretion in dismissing Atkins' complaint for failure to comply with the court's order of January 6, 1989, and whether the dismissal of Atkins' complaint violated his right to procedural due process.

Since the Claims Court did not abuse its discretion, and did not violate Atkins' constitutional right to due process, we affirm.

## BACKGROUND

On July 16, 1986, Atkins commenced this action against the United States for breach of a construction contract. After the parties had completed discovery, the court ordered both parties to submit pretrial statements by July 5, 1988. Neither party submitted its pretrial statements by that date.

As a result of the parties' failure to submit their pretrial statements, the Claims Court issued an order on July 27, 1988, requiring "that the ... pretrial submissions ... be filed by August 29, 1988 or, alternatively, a Status Report(s) be filed prior to August 29, 1988 setting forth any specific intentions concerning further prosecution of this matter so as to complete the pretrial requirements." In its order, the court noted that:

> The absence of these filings or any further request for an enlargement of time in this respect raises a question concerning the further prosecution of the matter. While counsel are expected to

Jack A. Balistreri, Corona & Prager, San Diego, Cal., argued for appellant. Richard D. Corona, Corona & Prager, San Diego, Cal., was on the brief for appellant.

Paul D. Langer, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for appellee. With him on the brief were Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director and Stephen J. McHale, Asst. Director.

Before MARKEY, Chief Judge, and NEWMAN, Circuit Judge, and RE, Chief Judge *.

RE, Chief Judge.

Appellant, Claude E. Atkins Enterprises, Inc., appeals from an order of the United States Claims Court, issued *sua sponte*, which dismissed its complaint pursuant to Rule 41(b) of the Rules of the court, for failure to comply with a January 6, 1989, order of the court. The January 6 order had directed Atkins, in lieu of the pretrial procedure set forth in Appendix G of the

---

* The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation pursuant to 28 U.S.C. § 293(a).

cooperate in developing and submitting the required pretrial material, as the party having the burden of proof, plaintiff must take the initiative in this respect. Absent prosecution of this litigation, notice is given that it is subject to dismissal pursuant to Rule 41(b).

The government submitted its status report on August 29, 1988. Atkins' status report was submitted on September 14, 1988, together with a motion to file the report out of time. On September 26, 1988, the court issued an order requiring that "[o]n or before October 21, 1988, counsel shall file a Status Report(s) indicating the procedure deemed appropriate to bring this matter before the court for resolution...." Although the government attempted to file a status report on October 21, 1988, the status report was not filed because it had not been properly served. Atkins did not submit a status report.

On January 6, 1989, the court issued an order vacating both the pretrial procedures which had previously been established, and the pretrial procedures set forth in Appendix G of the Rules of the Claims Court. The order of the court stated that:

Compliance with the order of September 26, 1988 has not occurred. In the order of July 27, 1988 it was noted that, absent prosecution of this litigation, it was subject to dismissal pursuant to Rule 41(b).

In the circumstance, in lieu of action under Rule 41(b), it is concluded that a further opportunity for prosecution will be afforded by modifying the pretrial procedure to a seriatim approach.

In an accompanying order, also dated January 6, 1989, the court directed Atkins to furnish the government, by February 28, 1989, with its pretrial statement on the evidence and witnesses to be introduced at trial.

Atkins never furnished the government with its pretrial statement. In an order dated April 7, 1989, the court stated that "given the history of noncompliance with pretrial orders in this case, it is concluded that Rule 41(b) action must now be taken." The court added that "[c]onscious contin-

ued disregard of the court's orders cannot be further condoned[,]" and *sua sponte*, dismissed the case pursuant to Rule 41(b).

On April 13, 1989, under Rule 60(b) of the Rules of the Claims Court, Atkins moved for an order vacating the judgment, alleging that its "actions were due to mistake, inadvertence, surprise and excusable neglect." In a memorandum of law accompanying its motion, Atkins asserted that it did not file pretrial submissions, as required by the court's order of January 6, 1989, because "commencing on or about October 21, 1988 and continuing through April 10, 1989, [Atkins] reasonably relied on Defendant's clear representation that it was submitting a Motion For Summary Judgment in this matter." According to the memorandum, Atkins "reasonably believed that it would have been fruitless to pursue the pretrial submissions until such time as the Court acted on the aforementioned Motion For Summary Judgment, in part or in whole."

On May 15, 1989, the court denied Atkins' motion, stating that:

[T]he order of July 27, 1988 expressly placed the onus on plaintiff to take the initiative in this case on pretrial compliance, and the order of January 6, 1989 set forth specific requirements for plaintiff to meet by February 28, 1989. Any conclusion by counsel that summary judgment may have been an alternative, in whole or in part, to pretrial compliance, cannot justify conscious decisions not to comply with the pretrial orders for substantial periods of time as the record shows occurred in this matter.

The court concluded "that a considerable amount of judicial time has been expended in attempting, unsuccessfully, to obtain pretrial compliance[,] [and] [s]uch time is limited and is better devoted to those cases on the docket presented for resolution in accordance with the Rules and applicable orders."

On appeal, Atkins contends that "the trial court abused its discretion by dismissing [Atkins'] complaint when [Atkins] had fully complied with the trial court's January 6, 1989 order." Atkins also contends that

"the trial court committed reversible error by failing to afford [Atkins] the required procedural due process protection before dismissing [Atkins'] complaint." In support of its contentions, Atkins asserts that the court "inappropriately rel[ied] upon inapplicable case precedent to support its dismissal," and "failed to take into account various factors in determining the appropriateness of dismissal."

## DISCUSSION

### 1. *Abuse of Discretion*

█ Under Rule 41(b) of the Rules of the United States Claims Court, the court may dismiss a case on its own motion, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court...." Upon review of a decision of the Claims Court to dismiss "pursuant to Rule 41(b), our inquiry is whether the court abused its discretion." *Kadin Corp. v. United States,* 782 F.2d 175, 176 (Fed.Cir.), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). We have previously noted that the trial court's exercise of discretion will not be disturbed on appeal "unless upon a weighing of relevant factors we are left with 'a "definite and firm conviction" that the court below committed a clear error of judgment.'" *Adkins v. United States,* 816 F.2d 1580, 1582 (Fed. Cir.1987) (quoting *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.,* 750 F.2d 903, 917 (Fed.Cir.1984)).

In *Kadin,* the plaintiff filed an action in the Claims Court, seeking additional compensation under a government contract. Subsequently, the court issued an order granting plaintiff's motion for leave to file an amended complaint. *See* 782 F.2d at 176. Plaintiff, however, did not file the amended complaint by the date specified in the order. *See id.* The Claims Court then "issued an order to the [plaintiff] to show cause why its complaint should not be dismissed for failure to prosecute." *Id.* Plaintiff's response was dated and received after the date specified for return of the order to show cause. *See id.* The Claims Court then "refused to accept the untimely

response and *sua sponte* dismissed the claim for failure to prosecute." *Id.*

On appeal, in affirming, we indicated that "the appellant repeatedly and without valid justification ignored both court-imposed deadlines and court rules[,]" and that "[t]he appellant's entire course of conduct ... fell far short of the obligations an attorney owes to a court before which he is conducting litigation." *Id.* at 176–77.

Similarly, in *Adkins,* the plaintiffs, who were over one thousand present and former employees of the Bureau of Prisons, filed actions seeking overtime pay. The cases were consolidated, and the government "sought discovery to obtain information from each plaintiff regarding the specific factual basis for his or her claim which had not been included in the broad allegations of the single complaint filed in each case on behalf of a large group of plaintiffs." 816 F.2d at 1581. Some of the plaintiffs did not respond to the government's request, and the government "filed a motion to dismiss the ... plaintiffs who failed to make any response to the government's interrogatories." *Id.* The court denied the motion, but set a final date for responses to the government's interrogatories. Subsequently, the court "dismissed those plaintiffs who had failed to respond by the deadlines for failure to prosecute." *Id.*

On appeal, concluding that the Claims Court did not abuse its discretion in dismissing with prejudice, we noted that:

[N]either the appellants nor their counsel informed the court of any reasons why they were unable to respond timely. Given the nature of the interrogatories, the repeated failures of appellants to meet discovery time limits, the order of the court setting the final deadline dates, and the absence of an explanation for delay, there was substantial justification for the Claims Court's action.

*Id.* at 1583.

In this case, Atkins was warned, in court orders dated July 27, 1988, and January 6, 1989, that its complaint was in danger of being dismissed pursuant to Rule 41(b). Nevertheless, Atkins clearly failed to com-

ply with the order of the court dated January 6, 1989, requiring Atkins to furnish its pretrial statement to the government by February 28, 1989. Based on these two clear warnings, we cannot say that the Claims Court abused its discretion in dismissing Atkins' complaint.

Nevertheless, Atkins contends that it fully complied with footnote 1 of the court's January 6, 1989 order, since it reasonably relied on statements of the government that the government would file a motion for summary judgment. In footnote 1 of its January 6, 1989 order, the court stated that:

> This order contemplates that trial proceedings are required. If either party determines that resolution of this suit can be accomplished through nontrial proceedings, a motion to stay further compliance with this order shall be filed promptly.

In support of its motion to vacate the order of dismissal, Atkins submitted to the Claims Court the affidavit of Mr. Stephen S. Stokwitz, an attorney for Atkins. Mr. Stokwitz stated that, during a telephone discussion with Mr. Paul Langer, the government's attorney, on or about October 21, 1988, Mr. Langer stated "that it was his opinion that this case involved an issue of contract interpretation and Defendant would be filing a Motion For Summary Judgment." Mr. Stokwitz stated that Mr. Langer "confirmed ... Defendant's intent to file a Motion For Summary Judgment in Defendant's status report to this Court dated October 21, 1988." Mr. Stokwitz added that, after telephone conversations with Mr. Langer on January 12, 1989, and February 16, 1989, he was under the impression that the government was still preparing a motion for summary judgment.

In its brief, however, the government "strongly disagree[d]" with Atkins' description of the facts. The government submitted to the Claims Court the affidavit of its attorney, Mr. Paul David Langer, who stated that, during his telephone conversation with Mr. Stokwitz on October 21, 1988, "[t]o the best of my recollection, I did not indicate that I would be filing a motion for summary judgment." Mr. Langer also stated in his affidavit that "[a]lthough plaintiff's motion to vacate the judgment indicates that Mr. Stokwitz called me on January 12, 1989, and again on February 16, 1989, I have no recollection of either of those calls."

It is not disputed that Atkins failed to comply with the court's orders to file status reports by July 5, 1988, and October 21, 1988. In addition, another of Atkins' status reports, which was due on August 29, 1988, was filed on September 14, 1988, together with a motion to file out of time. Atkins was specifically warned, in the order dated July 27, 1988, that "[a]bsent prosecution of this litigation, notice is given that it is subject to dismissal pursuant to Rule 41(b)." Hence, we cannot say that the Claims Court's order of dismissal was an abuse of its discretion.

### 2. Due Process

Atkins' alternative argument is that the Claims Court "committed reversible error by failing to provide notice and an opportunity to be heard before dismissing [Atkins'] case in accordance with the Due Process requirements as set forth in the Constitution of the United States." Atkins specifically asserts that the Claims Court:

> failed to provide notice to [Atkins] at a meaningful time and in a meaningful manner when it failed to provide adequate notice to [Atkins] that failure to respond to the court's [January 6, 1989] order would result in a dismissal pursuant to 41(b) and thereby failed to afford [Atkins] the Procedural Due Process protection as guaranteed by the Constitution.

In *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the petitioner challenged the district court's *sua sponte* dismissal of its lawsuit. The petitioner in *Link* had brought a diversity action for damages sustained in an accident. The district court dismissed the action because petitioner's counsel failed to appear at a pretrial conference, and did not have an acceptable excuse. *See* 370 U.S. at

 

628–29, 82 S.Ct. at 1387–88. The court of appeals affirmed.

The Supreme Court stated that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31, 82 S.Ct. at 1389. The Court added that:

> Nor does the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing necessarily render such a dismissal void. It is true, of course, that 'the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked.' But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct.

*Id.* at 632, 82 S.Ct. at 1389–90 (quoting *Anderson Nat'l Bank v. Luckett*, 321 U.S. 233, 246, 64 S.Ct. 599, 606, 88 L.Ed. 692 (1944)) (citation omitted).

In this case, it is clear that Atkins had sufficient warning and should have known that, by failing to comply with the Claims Court's orders, it was risking a *sua sponte* dismissal pursuant to Rule 41(b) of the Rules of the Claims Court. On the facts presented, the court's dismissal did not violate Atkins' fifth amendment right to due process.

### CONCLUSION

Since it is the holding of the court that the Claims Court did not abuse its discretion in dismissing Atkins' complaint, pursuant to Rule 41(b), for failure to prosecute, and that the Claims Court did not violate Atkins' fifth amendment right to due process, the order of the Claims Court is affirmed.