60 F.3d 839
 1995 Copr.L.Dec. P 27,399
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stanley R. SILER, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5020.
 United States Court of Appeals, Federal Circuit.
 March 10, 1995.
 
 Before MICHEL, LOURIE, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Stanley R. Siler appeals from the October 12, 1994 order of the United States Court of Federal Claims dismissing Siler's complaint for failure to comply with the court's July 20, 1994 order to provide a more definite statement concerning Siler's claims against the United States. Because Siler has not established that the court abused its discretion in dismissing Siler's complaint pursuant to F.R.C.P. 41(b), we affirm.
 
 DISCUSSION
 
 2
 On May 31, 1994, Siler filed a complaint in the Court of Federal Claims, alleging, inter alia, that the government had "infringed the copyright of Stanley R. Siler." The government moved for a more definite statement on June 22, 1994. On July 20, 1994, the court granted the motion and ordered Siler to provide more details concerning the contract, copyright, and unfair competition allegations contained in Siler's complaint. The court specifically ordered Siler to list the works that allegedly infringed his copyrights.
 
 
 3
 Despite having been afforded several opportunities to comply with the court's order, Siler never identified any allegedly infringing works. Accordingly, the court concluded that Siler had failed to meaningfully respond to the court's July 20, 1994 order and thus dismissed Siler's complaint pursuant to F.R.C.P. 41(b). Siler now appeals.
 
 
 4
 We review the court's Rule 41(b) dismissal to determine whether the court abused its discretion. Claude E. Atkins Enters., Inc. v. United States, 899 F.2d 1180, 1183 (Fed. Cir. 1990). On appeal, Siler alleges a "cover-up" and that "facts have been overlooked," but he has not provided any evidence in support of his allegations. Thus, Siler has not persuaded us that the court abused its discretion in dismissing his suit. On the contrary, we are convinced that Siler had every reasonable opportunity to provide the requisite details concerning his copyright infringement claim, but failed to do so. We therefore conclude that the court properly dismissed Siler's complaint pursuant to Rule 41(b).