108 F.3d 1393
 19 ITRD 1032
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ORNATUBE ENTERPRISE CO., LTD., Plaintiff-Appellant,
and
Liang-Houh SHIEH, Sanctioned Party-Appellant,
v.
THE UNITED STATES, Defendant-Appellee,
and
HANNIBAL INDUSTRIES, INC., Defendant-Appellee.
 96-1194.
 United States Court of Appeals, Federal Circuit.
 March 6, 1997.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
May 27, 1997.
 
 Before ARCHER, Chief Judge, MAYER and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ornatube Enterprise Co., Ltd., (Ornatube) and Liang-Houh Shieh (Shieh), plaintiff's attorney, appeal the judgment of the Court of International Trade dismissing the case for failure to prosecute and for failure to obey the rules and orders of the court. Because the Court of International Trade acted within its discretion, we affirm.
 
 DISCUSSION
 
 2
 This court reviews a dismissal for failure to prosecute by the Court of International Trade for an abuse of discretion. See Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962) ("Whether [a dismissal] can stand on appeal depends ... on whether it was within the permissible range of the court's discretion."); cf. Claude E. Atkins Enter., Inc. v. United States, 899 F.2d 1180, 1183 (Fed.Cir.1990) (dismissal for failure to prosecute under analogous Rule 41(b) in then-Claims Court reviewed for abuse of discretion).
 
 
 3
 We are unable to discern any abuse of discretion by the Court of International Trade. Appellant's assertions that they were complying with the rules and orders of the Court of International Trade and were prosecuting the case diligently are without merit. There is nothing in the record to support their position. To the contrary, the record is replete with examples of the appellants' failure to so comply. The court provided full notice to Ornatube and Shieh that their conduct could result in the dismissal of the case, and they did not adequately respond to the court's show cause order or modify their behavior. We, accordingly, affirm the dismissal.
 
 
 4
 Because we affirm the dismissal, we need not consider appellants' arguments related to the merits.