NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5066

RALPH L. FULLER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Ralph L. Fuller, of Roanoke, Virginia, pro se.

Robert E. Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Christine O.C. Miller

# United States Court of Appeals for the Federal Circuit

2007-5066

RALPH L. FULLER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  July 11, 2007

_____

Before LINN, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Ralph L. Fuller ("Fuller") appeals from a final decision of the United States Court of Federal Claims dismissing his complaint pursuant to Rule 41(b) of the Rules of the Court of Federal Claims for failure to comply with a November 16, 2006 court order. Fuller v. United States, No. 06-528C (Fed. Cl. Jan. 4, 2007) ("Dismissal").  Because the Court of Federal Claims did not abuse its discretion, we affirm.

In his complaint, Fuller alleged that the government breached a contract to sell him fifteen sets of cultured black pearls that he purchased at public auction on the U.S. Marshals Service ("USMS") website.  Fuller attached to the complaint a screen printout of bid4assets.com, a non-government auction website that works with numerous

vendors including the USMS. In response to the government's motion to dismiss the complaint, the Court of Federal Claims ordered the parties to supplement the record by November 28, 2006. Fuller v. United States, No. 06-528C (Fed. Cl. Nov. 16, 2006). Specifically, the court ordered the government to supplement the record with affidavits or declarations from two individuals at the USMS and ordered Fuller to supplement the record "by sending, under cover of his sworn declaration before a notary public, the original wrapping that he describes in ¶ 4 of his Statement of Facts." Id.

Fuller responded on November 27, 2006 by providing a notarized statement that read, in its entirety: "The plaintiff, Ralph L. Fuller Supplements his petition by a sworn declaration before a notary public that the original statement as described in paragraph 4 of his petition is true." Fuller did not provide the original wrapping as required by the November 16 court order. Accordingly, the Court of Federal Claims dismissed Fuller's claim under Rule 41(b), which provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, the court may dismiss on its own motion." See Dismissal, slip op. at 3, 5.

We review a Rule 41(b) dismissal for an abuse of discretion. Claude E. Atkins Enters., Inc. v. United States, 899 F.2d 1180, 1183 (Fed. Cir. 1990). Fuller, however, does not identify any basis for concluding that the Court of Federal Claims abused its discretion. Fuller's argument that the Court of Federal Claims dismissed his claim due to "ambiguities" fails to recognize that the dismissal was based on Fuller's failure to comply with the November 16 court order. The factual allegations Fuller identifies in his informal brief—namely, that he purchased the pearls from the USMS website and that the seller had been identified as an authorized agent of the USMS—are likewise not

relevant to the basis of the dismissal under Rule 41(b). Although Fuller does state in his reply brief that he "did not fail to comply with [sic] court order," he does not identify what specific actions he took that complied with the order, nor does he explain how the Court of Federal Claims erred in concluding that he was not in compliance.

The Court of Federal Claims properly issued an order requiring both parties to supplement the record. Fuller's response on November 27, 2006 failed to comply with that order because it did not provide the original wrapping. Because Fuller did not comply with a court order or otherwise explain why compliance was not possible, the Court of Federal Claims did not abuse its discretion in dismissing Fuller's claim under Rule 41(b). Accordingly, we affirm.

COSTS

No costs.