NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BENJAMIN GAL-OR,**
*Plaintiff-Appellant*

**VALERY SHERBAUM, MICHAEL LICHTSINDER,**
*Plaintiffs*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5079

---

Appeal from the United States Court of Federal Claims in No. 1:09-cv-00869-SGB, Judge Susan G. Braden.

---

Decided:  November 4, 2015

---

BENJAMIN GAL-OR, Malabalay City, Mindanao, Philippines, pro se.

DAVID M. RUDDY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, JOHN FARGO.

---

Before O'MALLEY, PLAGER, and BRYSON, *Circuit Judges.*

PER CURIAM.

Mr. Gal-Or appeals from a final judgment by the United States Court of Federal Claims ("trial court") dismissing this case with prejudice.

We review the trial court's dismissal for failure to state a claim without deference. *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009). We review the trial court's dismissal, made pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"), for abuse of discretion. *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

On appeal, Mr. Gal-Or fails to show any error in the proceedings below that would warrant reversal. He offers no meritorious explanation for his failure to comply with the trial court's show cause order. He offers no meritorious explanation as to why the trial court abused its discretion in its subsequent dismissal, or why the trial court erred in dismissing the trade secrets takings claims.

Regarding the patent claim, the trial court acted within its discretion, and we decline to disturb its dismissal on appeal. Plaintiffs were specifically warned that a failure to respond or file claim construction charts in response to the show cause order would result in dismissal pursuant to RCFC 41(b). Plaintiffs failed to respond to that order, to offer any explanation for that failure, or to seek additional time. Plaintiffs made no filings whatsoever in the roughly three months following the trial court's order. The only filing by plaintiffs since the order was Mr. Gal-Or's notice of appeal to this court. On this record, the

trial court did not abuse its discretion in dismissing the patent claim pursuant to RCFC 41(b).

Regarding the trade secrets claims, we agree with the trial court that dismissal was proper. Mr. Gal-Or disclosed the trade secrets at issue to others who had no obligation to protect the information's confidentiality. In addition, he cannot sue the Government for an alleged taking by a private party. His potential claims against the Government for inducing or benefiting from trade secrets misappropriation previously expired. Finally, the trade secrets allegations failed to meet the minimum pleading standards of RCFC 8.

For the foregoing reasons, we affirm the judgment of the United States Court of Federal Claims.[1]

## AFFIRMED

---

[1] Given the result in this appeal, Mr. Gal-Or's pending motion to substitute another party in his place is denied as moot.