NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MICHAEL A. TULIPAT,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2021-2259

_____

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01260-CFL, Senior Judge Charles F. Lettow.

_____

Decided: January 13, 2022

_____

MICHAEL A. TULIPAT, Las Vegas, NV, pro se.

SONIA MARIE ORFIELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, MARTIN F. HOCKEY, JR.

_____

Before DYK, PROST, and TARANTO, *Circuit Judges.*

PER CURIAM.

Michael A. Tulipat appeals the dismissal of his action by the Court of Federal Claims for failure to prosecute. We affirm.

### BACKGROUND

Mr. Tulipat served in the U.S. Marine Corps from June 2001 to May 2002, at which time he was separated from the service with a "General (Under Honorable Conditions)" discharge on the basis of "Personality Disorder." App'x 20–21, 24.[1] Mr. Tulipat later petitioned the Naval Discharge Review Board ("NDRB") to upgrade his discharge to "Honorable," change the basis of his separation, and remove two non-judicial punishments from his record that had been imposed on him for misconduct. App'x 21; *see* App'x 38. The NDRB, as well as the Board for Correction of Naval Records ("BCNR"), considered Mr. Tulipat's requests and ultimately modified his narrative reason for separation from "Personality Disorder" to "Secretarial Authority" but declined to provide any further relief. *See* App'x 20–21 (BCNR decision).

Subsequently, in May 2020, Mr. Tulipat petitioned the U.S. Court of Appeals for the Ninth Circuit for review of the BCNR decision. App'x 1. The Ninth Circuit dismissed Mr. Tulipat's case on April 16, 2021, on the basis that it did not have original jurisdiction to review a decision of the BCNR. App'x 44. In dismissing, the Ninth Circuit directed that Mr. Tulipat's petition be transferred to the Court of Federal Claims "for whatever consideration that court deems appropriate." App'x 44.

On April 21, 2021, the Court of Federal Claims issued a "Notice" to the parties that acknowledged receipt of the

---

[1]    "App'x" refers to the appendix filed with the government's response brief.

record from the Ninth Circuit and provided specific instructions to Mr. Tulipat regarding how to proceed, as a pro se litigant or otherwise. App'x 45–46. In particular, the Notice informed Mr. Tulipat that he was required "[to] file a transfer or amended complaint" with the Court of Federal Claims "[w]ithin 28 days after service of the Notice." App'x 46. The Notice also cautioned that "failure to comply with the enclosed instructions, within the time provided, may result in the case being dismissed for failure to prosecute." App'x 45 (emphasis removed and capitalization normalized). Mr. Tulipat's case was then randomly assigned to Judge Charles F. Lettow. App'x 47.

On July 27, 2021, over three months after the case had been transferred from the Ninth Circuit, the Court of Federal Claims dismissed the case sua sponte under Rule 41(b) of the Rules of the Court of Federal Claims "for failure to prosecute." App'x 48. The court explained that Mr. Tulipat had failed to file a complaint even though "[i]nformation regarding the transfer and further instructions were served on [Mr. Tulipat] via United States mail on April 21, 2021," with those instructions including a requirement that Mr. Tulipat file his complaint "on or before May 19, 2021." App'x 48.

Mr. Tulipat appealed. We have jurisdiction to consider this appeal under 28 U.S.C. § 1295(a)(3).

### DISCUSSION

In relevant part, Rule 41(b) of the Rules of the Court of Federal Claims provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion." We review a Rule 41(b) dismissal for an abuse of discretion. *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990). Under this standard, "the trial court's exercise of discretion will not be disturbed on appeal unless . . . we are left with a definite and firm conviction that the

court below committed a clear error of judgment." *Id.* (cleaned up).

Mr. Tulipat does not contest that he received the trial court's Notice, which required him to file a complaint with the trial court by a certain date. Instead, he argues that the trial court should have provided him with "[a] warning that [his] case was *about* to be dismissed and time to respond." Appellant's Br. 2 (emphasis added). In support, Mr. Tulipat contends that he "was in a stressful position as a [recruit] in police academy" and that the trial court dismissed his case without "understand[ing] the totality of the circumstances." Appellant's Br. 2.

Recognizing that Mr. Tulipat was and is proceeding pro se, we nonetheless conclude that the trial court acted within its discretion in dismissing Mr. Tulipat's case sua sponte. The trial court clearly and specifically warned Mr. Tulipat that failure to file his complaint in a timely fashion could result in dismissal of his case. And at the time of dismissal, over two months had elapsed since the deadline to file a complaint. Further, at the time of dismissal, Mr. Tulipat had not offered any explanation for his untimeliness. Nor had he sought an extension of time. Indeed, after the case was transferred from the Ninth Circuit, Mr. Tulipat made no filings whatsoever with the trial court until his notice of appeal to this court. On this record, the trial court did not abuse its discretion in dismissing under Rule 41(b).

Mr. Tulipat separately argues that the trial court's decision was wrong because Judge Lettow "served in the U.S. Army" and "may have bias towards individuals" suing the government. Appellant's Br. 2. We reject this argument at least because Mr. Tulipat fails to cite any evidence indicating bias in the record.

## CONCLUSION

We have considered Mr. Tulipat's remaining arguments but find them unpersuasive. For the reasons above, we affirm the decision of the Court of Federal Claims dismissing this action.

## **AFFIRMED**

## COSTS

No costs.