NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SOMONA LOFTON,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1105

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00923-RTH, Judge Ryan T. Holte.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

The United States moves to summarily affirm the United States Court of Federal Claims's judgment dismissing Somona Lofton's case. Ms. Lofton files a document docketed at ECF No. 31, which the court construes as her opposition to the motion.

On June 4, 2024, Ms. Lofton filed a complaint with the Court of Federal Claims, appearing to stem from an

incident that same day. On June 19, 2024, the court warned Ms. Lofton that if she did not pay the filing fee or submit a completed motion for leave to proceed *in forma pauperis* ("IFP") within 30 days "this action shall be dismissed without prejudice for failure to prosecute under Rule 41 of [the] Rules of the United States Court of Federal Claims [(Rule 41)]." Dkt. No. 5 at 1.[1] On August 5, 2024, having received no filing from Ms. Lofton, the court ordered the case dismissed without prejudice under that rule.

We review dismissals under Rule 41(b) for abuse of discretion. *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990). Here, despite Ms. Lofton's unsupported assertions to the contrary, the trial court found that her complaint was filed "without . . . a completed IFP application," Dkt. No. 5 at 1. The court then provided Ms. Lofton 30 days to respond and clearly explained to her the consequence of failing to do so—namely, dismissal of her case without prejudice. Under the circumstances of this case, summary affirmance is appropriate because "no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Accordingly,

---

[1] The order also directed Ms. Lofton to show cause why her complaint should not be dismissed for lack of subject-matter jurisdiction because the claims appeared directed to torts allegedly committed by parties other than the United States. *Cf. Lofton v. United States*, No. 2023-1181, 2023 WL 3881362 (Fed. Cir. June 8, 2023); *Lofton v. United States*, No.2023-1175, 2023 WL 3220932 (Fed. Cir. May 3, 2023).

LOFTON v. US                                                                    3

IT IS ORDERED THAT:

(1) The United States's motion for summary affirmance is granted, and the Court of Federal Claims's judgment is summarily affirmed.

(2)  All other pending motions are denied.

(3)  Each party shall bear its own costs.

                                                                FOR THE COURT

January 29, 2025                                    Jarrett B. Perlow
        Date                                          Clerk of Court