NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER JOSEPH POLINSKI,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1568

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-02136-EDK, Judge Elaine Kaplan.

---

Decided: October 16, 2025

---

PETER JOSEPH POLINSKI, Marcy, NY, pro se.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Peter Polinski, appearing pro se, appeals from the United States Court of Federal Claims (Claims Court) decision dismissing his complaint for failure to prosecute. *See Polinski v. United States*, No. 24-2136C, 2025 WL 462603 (Fed. Cl. Feb. 11, 2025) (*Decision*). For the following reasons, we *affirm*.

## BACKGROUND

On December 26, 2024, Mr. Polinski filed a complaint in the Claims Court alleging the "unlawful seizure" of General Services Administration (GSA) bonds and "a bill of exchange valued at $66,000,000" by the Richfield Town Court as well as misappropriation by the New York State Treasurer. SAppx 8.[1] He claimed violations of his rights under the Fourth, Fifth, and Thirteenth Amendments, as well as damages arising from tortious actions committed by the Government. He sought $468,000,000 in compensatory and punitive damages.

Mr. Polinski moved to proceed *in forma pauperis*, but his application was incomplete because he omitted his date of last employment, amount of salary per month, and explanation of how he was paying his expenses. SAppx 4. The Claims Court deemed the motion defective and ordered Mr. Polinski to either file a completed *in forma pauperis* application, or pay the filing fee by February 10, 2025. *Id*. The Claims Court warned that if Mr. Polinski "fail[ed] to comply with this order, this action shall be dismissed without prejudice for failure to prosecute under Rule 41 of the Rules of the United States Court of Federal Claims." *Id*.

Mr. Polinski filed another *in forma pauperis* application on January 30, 2025. On February 11, 2025, the court dismissed the complaint, without prejudice, for failure to prosecute. The Claims Court explained that Mr. Polinski's

---

[1]    "SAppx" refers to the supplemental appendix filed with the government's informal response brief.

second application was "again incomplete" and "lack[ed] credibility" because he stated that he had no expenses, no income for six years, did not own any property, and only had 33 cents in the bank. *Decision*, 2025 WL 462603 at *1. The court entered judgment on February 14, 2025. SAppx 2.

Mr. Polinski now appeals to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Under Rule 41(b) of the Rules of the United States Court of Federal Claims, the Claims Court may dismiss a case on its own motion, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." RCFC 41(b). We apply an abuse of discretion standard in reviewing the Claims Court's decision to dismiss for failure to prosecute. *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990).

The Claims Court issued an order directing Mr. Polinski to either file a completed *in forma pauperis* application or pay a filing fee. SAppx 4. The order explicitly informed Mr. Polinski that his case would be dismissed if he failed to comply by February 10, 2025. *Id.* Because Mr. Polinski failed to file a completed form or pay the required filing fee by the deadline, the Claims Court did not abuse its discretion in dismissing his complaint for failure to prosecute pursuant to Rule 41(b) of the Rules of the Court of Federal Claims. *See Claude*, 899 F.2d at 1183 (explaining that we will not disturb a decision to dismiss for failure to prosecute unless "we are left with a definite and firm conviction that the [Claims Court] committed a clear error of judgment" (citations and internal quotation marks omitted)).

On appeal, Mr. Polinski does not address his failure to comply with the Claims Court's order. Instead, he argues that the court erred in dismissing his complaint for lack of jurisdiction. However, the Claims Court did not reach the

POLINSKI v. US

jurisdictional question, dismissing solely for failure to prosecute. *Decision*, 2025 WL 462603 at \*1; SAppx 2. Accordingly, we need not address Mr. Polinski's jurisdictional arguments.

We have considered Mr. Polinksi's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the decision of the Claims Court.

**AFFIRMED**

Costs

No costs.