NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEE MONBO,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1604

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-02083-EMR, Judge Eleni M. Roumel.

---

Decided:  April 15, 2026

---

DEE MONBO, Owings Mills, MD, pro se.

KELLY PALAMAR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by ALBERT S. IAROSSI, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before HUGHES, LINN, and STOLL, *Circuit Judges*.

PER CURIAM.

Dee Monbo appeals the United States Court of Federal Claims' order dismissing her pre-award bid protest complaint for failure to prosecute. We affirm.

I

On December 18, 2024, Ms. Monbo[1] filed a pre-award bid protest in the Court of Federal Claims, challenging a solicitation from the United States Air Force.[2] Shortly after, the trial court received a defective filing in which Ms. Monbo sought an emergency temporary restraining order and preliminary injunction related to her protest. The trial court requested the parties' availability for an initial status conference, but Ms. Monbo did not respond to the court's or opposing counsel's repeated outreach. *See* S.A. 3 (noting trial court's attempts to contact Ms. Monbo on three separate occasions).[3]

On January 8, 2025, the trial court set a telephonic initial status conference for January 15, 2025, and ordered the parties to file a joint status report. The trial court also granted Ms. Monbo's motion to amend, ordering her to separately file her first amended complaint. The same day, Ms. Monbo "request[ed] leave to secure legal counsel and

---

[1] Ms. Monbo conducts business as a sole proprietor under her name, Dee Monbo. For simplicity, this opinion uses Ms. Monbo to refer to both Ms. Monbo and her sole proprietorship. Ms. Monbo, although proceeding pro se, was found to be a sophisticated party familiar with proceedings before the trial court.

[2] The solicitation, No. FA301625Q00070001, concerned Advisory and Program Management Support for the Air Force's Medical and Education Training Campus in Texas.

[3] S.A. refers to the Supplemental Appendix attached to the end of the Appellee's Informal Response Brief.

representation." S.A. 29. The government later filed its status report but explained that Ms. Monbo did not respond to its communications and did not participate in the creation of the status report. The initial status conference then took place as scheduled on January 15, 2025, but Ms. Monbo did not appear or answer the trial court's phone calls.

The court then ordered Ms. Monbo to show cause as to "why she did not appear for the January 15, 2025 Initial Status Conference, indicating any good faith basis for her failure to do so." S.A. 31–32. The order stated that the trial court had intended to discuss Ms. Monbo's filings at the conference and noted her pattern of unresponsiveness. *See* S.A. 31–32. It then warned Ms. Monbo "that this action will be dismissed for failure to prosecute pursuant to Rule 41 of the Rules of the United States Court of Federal Claims [(RCFC)] should [Ms. Monbo] fail to timely respond to this Order" and—in the event Ms. Monbo timely responded to the show cause order—set a joint status conference for January 23, 2025. S.A. 32.

On January 22, 2025, Ms. Monbo filed her response to the show cause order. It did not, however, provide a good faith explanation for her failure to appear at the initial status conference. Instead, her response appeared to suggest that she chose not to, or believed she did not have to, appear for three reasons. She asserted that: (1) "[t]he Court of Federal Claims no longer has jurisdiction over this bid protest case" based on an alleged notice of appeal to the D.C. Circuit filed on January 17, 2025; (2) she "is not an attorney" and "has a right to be represented by [c]ounsel at the Initial [Status] Conference"; and (3) "[t]he Court of [F]ederal Claims is aware that Plaintiff is in need of legal representation as the Court of Federal Claims has labeled several of Plaintiff['s] filings as 'Defective.'" S.A. 40–41. Given Ms. Monbo's timely response, the joint status conference took place as scheduled. Ms. Monbo again did not appear. Instead, 16 minutes before the scheduled start time, she emailed the court that she could not attend with no

explanation. *See also* S.A. 6–7 (discussing how Ms. Monbo did not answer the court's attempts to contact her shortly after receiving her email).

Ms. Monbo's case was then dismissed for failure to prosecute. *See Monbo v. United States*, No. 24-cv-02083, 2025 WL 704402, at *7 (Fed. Cl. Jan. 24, 2025) (*Dismissal*); *see also* Judgment at 1, *Monbo v. United States*, No. 24-cv-02083 (Fed. Cl. Jan. 27, 2025), ECF No. 30. In its dismissal, the trial court again stated that the conferences were, in part, to discuss Ms. Monbo's filings. The court also rejected Ms. Monbo's statements in her show cause order response, finding none constituted good cause for her failure to appear. *See Dismissal*, 2025 WL 704402, at *5 & n.8 (rejecting her claim that she "has a right to be represented" at the status conference because the constitutional right to counsel does not apply in her civil case); *see also id.* at *5 & n.9 (explaining that (1) deficient notices of appeal do not divest the court of jurisdiction to issue a dismissal, and (2) regardless, Ms. Monbo's notice was filed two days *after* the initial status conference, so it cannot serve as good cause). The trial court explained that Ms. Monbo's willful, repeated failures to follow clear orders supported its decision to exercise its discretion under Rule 41(b) to dismiss her case–as the court warned Ms. Monbo it might.

Ms. Monbo timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

Under Rule 41(b) of the Rules of the United States Court of Federal Claims, the court may dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." RCFC 41(b). We apply an abuse of discretion standard in reviewing the court's decision to dismiss for failure to prosecute under Rule 41(b). *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990). An abuse of discretion occurs when a court "made a clear error of judgment . . . or exercised its

discretion based on an error of law or clearly erroneous fact finding." *Qingdao Taifa Grp. Co. v. United States*, 581 F.3d 1375, 1379 (Fed. Cir. 2009) (cleaned up).

The trial court did not abuse its discretion by dismissing Ms. Monbo's case under Rule 41(b). As noted above, Ms. Monbo repeatedly did not comply with the trial court's clear and unambiguous orders. And the court reasonably found that at no point did Ms. Monbo provide good cause for her repeated failure to comply with its orders. We cannot say that the trial court abused its discretion when Ms. Monbo "repeatedly and without valid justification ignored both court-imposed deadlines and court rules." *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986); *see also Claude E. Atkins*, 899 F.2d at 1183–84 (finding no abuse of discretion in Rule 41(b) dismissal after plaintiff failed to comply with order to file status reports).

Ms. Monbo's challenges on appeal do not persuade us otherwise. Ms. Monbo makes several unavailing arguments, many of which concern issues the trial court did not reach and are unrelated to the basis for dismissal.[4] Even if

---

[4]    While we construe Ms. Monbo's filings liberally given her pro se status, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), many of the issues she raises cannot be reasonably construed to relate to the basis for dismissal. *Compare* Appellant Br. 2–4 (raising issues related to jurisdiction, her alleged debarment from bidding on government solicitations, and the merits of her complaint), *with Dismissal*, 2025 WL 704402, at *7 (dismissing for failure to prosecute without addressing the merits or determining whether Ms. Monbo is an interested party for statutory standing purposes). We do not address these unrelated issues or arguments unreached by the trial court. *See, e.g.*, *Arunachalam v. Apple, Inc.*, 806 F. App'x 977, 982 n.1 (Fed. Cir. 2020) (declining to address arguments concerning issues "not addressed by the [trial] court").

Ms. Monbo did not attend the conferences because she believed the trial court had erred in some way, such as by not first ruling on her other filings, the proper course was to comply with the court's orders, and then later appeal once the court had entered an unfavorable, appealable order or decision. *See, e.g.*, *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("[A]ll orders . . . of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."). A party, even one proceeding pro se, cannot refuse to comply with an order simply because the party believes the court erred in some fashion. *See id.*; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

It was clear that the trial court wished to discuss Ms. Monbo's filings at the conferences. *See* S.A. 31. But "[i]nstead, [Ms. Monbo] made a deliberate choice to defy [the trial court's] Order and skip the telephonic Initial Status Conference—and then made the same choice a week later, to defy a second Court Order to appear at a Status Conference conducted via videoconference." *Dismissal*, 2025 WL 704402, at *5. So, although Ms. Monbo proceeded pro se, the trial court clearly ordered her to show cause for her failure to appear at the Initial Status Conference, or else her case would be dismissed. S.A. 32; *see also McNeil*, 508 U.S. at 113. Under these circumstances, where a party repeatedly ignores unambiguous court orders, dismissal for failure to prosecute is well within the trial court's discretion. *See, e.g.*, *Claude E. Atkins*, 899 F.2d at 1183–84.

## III

We have considered Ms. Monbo's other remaining arguments and find them unpersuasive. For the foregoing

MONBO v. US　　　　　　　　　　　　　　　　　　　　7

reasons, the trial court's dismissal of Ms. Monbo's protest is affirmed.

**AFFIRMED**

COSTS

No costs.