NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LESLEY VOWELS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2025-1606

_____

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00064-RMM, Judge Robin M. Meriweather.

_____

Decided: April 16, 2026

_____

LESLEY VOWELS, Louisville, KY, pro se.

ELINOR JOUNG KIM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

_____

Before MOORE, *Chief Judge*, MAYER and LOURIE, *Circuit Judges*.

PER CURIAM.

Lesley Vowels appeals the United States Court of Federal Claims dismissal of her complaint for failure to prosecute. For the following reasons, we *affirm*.

## BACKGROUND

On January 13, 2025, Ms. Vowels filed a complaint against the United States in the Court of Federal Claims seeking redress for an alleged violation of her constitutional and statutory rights by federal and state officials. S. Appx. 15–24.[1] Ms. Vowels' claim primarily relates to a state-court-ordered eviction and repossession of two vehicles, which she asserts violated her rights as a person with disabilities. *See id.* She also claims Kentucky state courts, the United States District Court for the Western District of Kentucky, and the United States Court of Appeals for the Sixth Circuit have denied her access to the courts after dismissing at least twenty-eight other cases and appeals.[2] *Id.* at 18–19, 21–22. Ms. Vowels' complaint seeks redress under the Federal Tort Claims Act, the Fifth and Fourteenth Amendments, and the Americans with Disabilities Act (ADA). *Id.* at 19–20.

Ms. Vowels' filings with the Court of Federal Claims failed to comply with the court's rules on multiple occasions, including for lack of a signature and a valid mailing address. After the Court of Federal Claims issued four

[1]    "S. Appx." refers to the Supplemental Appendix attached to the Government's Brief.

[2]    Ms. Vowels raises several other issues in her brief, including a constitutional challenge to state legislation, denial of her right to trial by jury, and abuse of power for lack of judicial recusal. Appellant's Br. at 6, 10–12. Those allegations, however, are not relevant to the Court of Federal Claims dismissal of this case for Ms. Vowels' failure to prosecute, and we do not address them here.

orders providing Ms. Vowels an opportunity to comply with the court's rules, the court dismissed her complaint for failure to prosecute under Rule 41(b). S. Appx. 1–3. Ms. Vowels appeals.[3]    We have jurisdiction under 28 U.S.C. § 1295(a)(3).[4]

## DISCUSSION

We review the Court of Federal Claims dismissal of a complaint under Rule 41(b) for an abuse of discretion. *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986) (citations omitted). A pro se litigant is afforded leniency on procedural matters, but that leniency "does not translate to unfettered deference and dereliction of judicial review." *Steffen v. United States*, 995 F.3d 1377, 1380 (Fed. Cir. 2021).

The Court of Federal Claims dismissed Ms. Vowels' complaint for her "failure to comply with the Court's Orders, and . . . the Court's inability to contact Ms. Vowels because she has failed to either provide a valid mailing

---

[3]    On April 2, 2026, Ms. Vowels submitted a motion seeking relief in the form of a criminal investigation into actions taken by state and federal actors that she alleges resulted in a gun shot wound. Dkt. No. 58 at 6–7, 11. This is a court of limited jurisdiction, which does not include jurisdiction over criminal matters. 28 U.S.C. § 1295. Accordingly, we deny Ms. Vowels' motion.

[4]    Although the Court of Federal Claims dismissed Ms. Vowel's complaint without reaching the question of jurisdiction, we find that at least her Fifth Amendment claim meets the minimal showing required for the Court of Federal Claims to exercise jurisdiction. *See Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021) (citing *Lewis v. United States*, 70 F.3d 597, 602 (Fed. Cir. 1995)) (citations omitted); 28 U.S.C. § 1491(a). The Government does not contest jurisdiction.

address or consent to electronic notification." S. Appx. 2. Specifically, the court cited Ms. Vowels' failure to comply with the court's January 31, 2025 order instructing Ms. Vowels to "(1) file a corrected, signed Complaint pursuant to RCFC 5.5(d)(1)(A)(i) and 11(a); (2) at that time, provide either a valid mailing address or consent to electronic notification, so that the Court may have a legally valid means of contacting her; and (3) file an application to proceed [*in forma pauperis*] that uses [the Court of Federal Claims'] form or pay the required fees on or before February 21, 2025." *Id.* at 1 (citing S. Appx. 13–14). Yet Ms. Vowels "repeatedly and without valid justification ignored both court-imposed deadlines and court rules," and failed to submit any responsive filings. *Kadin*, 782 F.2d at 176–77.

We see no abuse of discretion with the Court of Federal Claims dismissal under these circumstances. Regarding the court's request for a signed complaint and contact information, the rules are unambiguous. "The court *must* strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." RCFC 11(a) (emphasis added). Additionally, "[e]very pleading, written motion, and other paper . . . *must* state the signer's address, e-mail address, and telephone number." *Id.* (emphasis added). The court unambiguously set February 21, 2025, as the deadline for compliance, S. Appx. 14; warned that failure to comply may lead to dismissal without prejudice, *id.*; and reminded Ms. Vowels on three separate occasions of her obligation to comply, S. Appx. 10, S. Appx. 11, S. Appx. 12. Ms. Vowels' continued and unexplained failure to comply despite these repeated reminders was ample justification for the court to dismiss Ms. Vowels' complaint for failure to prosecute.

Ms. Vowels makes several arguments about the merits of her case on appeal, but virtually none addresses the Court of Federal Claims' stated rationale for dismissal— namely, Ms. Vowels' failure to comply with the court's rules

and orders. At best, Ms. Vowels appears to argue that mail fraud and a subsequent investigation prevented her from receiving mail beginning at least shortly before she filed her complaint. *See* Appellant's Br. at 5, 17. But even if Ms. Vowels' mail fraud statements are construed to mean she never received the court's orders, her allegation of mail fraud does not excuse non-compliance. Ms. Vowels was not required to receive notice prior to dismissal. *See Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1184–85 (Fed. Cir. 1990) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962)) (dismissal under Rule 41(b) for failure to comply with the court's orders does not require explicit notice as to the possibility of dismissal). Ms. Vowels was also not prevented from providing an address or completing an E-Notification Consent Form when she filed her complaint. *See* RCFC App. E at 14(b)(i)–(ii) (allowing pro se litigants who complete the consent form to be served by email). Ms. Vowels instead listed the address where she had lived prior to her eviction more than a year before the complaint was filed. The court's repeated attempts to notify her by mail were returned undeliverable. S. Appx. 5–6 at Dkt. Nos. 6, 8, 16–17. Ms. Vowels bears responsibility for failing to provide the court with a valid mailing address.

While the court is sympathetic to Ms. Vowels' difficulties, she had sufficient opportunity to comply with the court's rules and orders. She failed to offer a valid excuse for her non-compliance. Under these circumstances, we see no abuse of discretion in the Court of Federal Claims dismissal under Rule 41(b).

## CONCLUSION

We have considered Ms. Vowels' remaining arguments and find them unpersuasive. Accordingly, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.