86 F.3d 1177
 77 A.F.T.R.2d 96-2165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Randolph P. CARTER and Linda M. Carter, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5019
 United States Court of Appeals, Federal Circuit.
 May 13, 1996.
 
 Fed.Cl.
 AFFIRMED.
 PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 PPER CURIAM.
 
 
 1
 Randolph and Linda Carter ("the Carters") filed a complaint for declaratory and injunctive relief in the United States Court of Federal Claims. The Court of Federal Claims dismissed the case for lack of jurisdiction, and did not transfer the case to a district court. The Carters appeal. We agree that the Court of Federal Claims has no jurisdiction over this case. Further, we find that the Court of Federal Claims acted within its discretion with regards to transferring the case. Therefore, we affirm.
 
 DISCUSSION
 
 2
 The Carters ask the court to determine their status under the tax code, and to enjoin government officials from wrongly collecting taxes from them. Specifically, the Carters ask the court to declare, pursuant to 26 C.F.R. 1.1-1, whether they are citizens, residents, or some type of non-resident alien for income-tax purposes. The Carters allege that, once their status is correctly determined, they will then be entitled to recover in excess of $10,000 as refund of taxes improperly exacted. However, the Carters do not yet ask for this tax refund, or any other type of money damages.
 
 
 3
 The Carters brought their suit under 28 U.S.C. § 1491, the Tucker Act, which states that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department...." 28 U.S.C. § 1491(a)(1) (1994). A broad reading of this statute might encompass any claim based on the tax provisions of the Constitution, the United States Code, or Internal Revenue regulations. However, the Supreme Court has taken a much more narrow view of this statute, and we are bound to follow its pronouncements.
 
 
 4
 "Throughout its entire history ..., [the Court of Federal Claims'] jurisdiction has been limited to money claims against the United States Government.... [T]he only judgments which the [Court of Federal Claims] is authorized to render against the government ... are judgments for money found due from the government to the petitioner." United States v. King, 395 U.S. 1, 2-3 (1969). Furthermore, the passage of the Tucker Act, with exceptions inapplicable to this case, did not expand jurisdiction to include equitable matters. Id. The Tucker Act does allow the Court of Federal Claims to issue orders to certain officials, if those orders are "an incident of and collateral to any such [money] judgment." 28 U.S.C. § 1491(a)(2). In this case, however, the requested injunctive and declaratory relief cannot be "an incident of and collateral to" a claim for money because the Carters have not asked for money.
 
 
 5
 The Carters argue that the requested relief is a necessary precondition to their claim for money damages. However, their argument is unpersuasive. The requests for declaratory and injunctive relief merely anticipate a defense the United States may put forth if and when the Carters apply for a tax refund. If the Carters apply for a tax refund, and the United States responds that all persons who are citizens or residents must pay taxes, the Carters may appropriately argue that they are neither citizens nor residents. However, until that time, the Court of Federal Claims may not exercise jurisdiction.
 
 
 6
 The Carters also state that, assuming the Court of Federal Claims lacked jurisdiction, the proper course of action would have been to transfer the case to an appropriate court. Title 28 U.S.C. § 1631 provides that
 
 
 7
 [w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such an action or appeal to any other such court in which the action ... could have been brought at the time it was filed.
 
 
 8
 Assuming it would serve the interests of justice, the statute directs the Court of Federal Claims to transfer the case to a court with jurisdiction over the matter. However, the Carters are once again limited by the relief they seek. First, 28 U.S.C. § 2201, which allows declaratory judgment actions, explicitly excepts Federal tax cases, other than actions brought under section 7428 of the Internal Revenue Code of 1986.[1] 28 U.S.C. § 2201(a). Therefore, no court may give declaratory relief in this Federal tax action.
 
 
 9
 Second, 26 U.S.C. § 7421, with exceptions not applicable to this case, forbids "suit[s] for the purpose of restraining the assessment or collection of any tax ... in any court by any person." 26 U.S.C. § 7421(a). Therefore, no court may issue the type of injunctive relief sought by the Carters.
 
 
 10
 This court understands the difficulty in parsing both the jurisdictional statutes and the Internal Revenue Code, especially for pro se petitioners. Congress has set out the correct path for the Carters to contest their tax liability: before taxes may be refunded, even if they have been paid under penalty or duress, no suit may be brought to recover this money "until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422. Therefore, the Carter's proper course of action is to apply to the Internal Revenue Service, in accordance with applicable IRS regulations, for a refund. If the refund is denied, the Carters may then bring a suit in the Court of Federal Claims for a tax refund.
 
 
 
 [1]
 26 U.S.C. § 7428 involves classification of organizations. This provision is inapplicable in this case