NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEAN ALLEN STEEVES,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1079

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01905-RTH, Judge Ryan T. Holte.

---

Decided: July 21, 2022

---

DEAN ALLEN STEEVES, Rancho Santa Fe, CA, pro se.

POOJA BOISTURE, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRUCE R. ELLISEN, DAVID A. HUBBERT.

---

Before LOURIE, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

Dean Allen Steeves appeals a decision of the United States Court of Federal Claims dismissing his complaint for failure to prosecute and failure to comply with a court order, per Rule 41(b) of the Rules of the United States Court of Federal Claims. Because Mr. Steeves has continually failed to join the real party in interest, Camp Noble, Inc., we affirm.

I

Mr. Steeves is the Chief Executive Officer and Chief Financial Officer of Camp Noble, a corporation that is a part of the Defense Industrial Base partnership, which performs under contract or provides materials and services to the Department of Defense.

In 2019, after conducting a tax examination of Camp Noble, the Internal Revenue Service discovered income tax deficiencies of $529,478 for 2009 and $350,653 for 2010. The IRS determined the relevant penalties and issued notices of deficiencies. Camp Noble filed a petition in the United States Tax Court requesting a redetermination of the deficiencies and penalties. The Tax Court ordered Camp Noble to provide an ownership disclosure statement and pay its filing fee. Camp Noble did not comply, so the Tax Court dismissed its petition.

The IRS then assessed the deficiencies and penalties against Camp Noble and officially closed its examination. Camp Noble did not pay the assessed amounts, so the IRS issued notices of intent to levy Camp Noble's property.

Mr. Steeves subsequently filed this suit in the Court of Federal Claims, without the assistance of an attorney. In his complaint, Mr. Steeves stated that he was filing as the "Acting Trustee" of Camp Noble. Compl. at 3–4, *Steeves v. United States*, No. 19-1905 (Fed. Cl. Dec. 13, 2019), ECF No. 1. He alleged that Camp Noble was an "integrated auxiliary" of a "[m]andatory [t]ax-[e]xcepted" church. *Id.* at 3 (emphasis omitted). He further claimed that the IRS had

committed constitutional and statutory violations resulting in irreparable harm. *Id.* at 3, 5–6. As relief, Mr. Steeves requested that the Court of Federal Claims grant him "an immediate stay" on the IRS's "Notice of Intent to Levy," along with an additional order requiring the IRS to respond "as to why the IRS is not obeying" a variety of purportedly relevant laws. *Id.* at 6.

The government moved to dismiss the complaint pursuant to Rules 41(b) and 12(b)(1) of the Rules of the Court of Federal Claims (Rules). Mot. to Dismiss at 1, *Steeves*, No. 19-1905 (Apr. 17, 2020), ECF No. 17. In its Rule 41(b) motion to dismiss, the government noted that Camp Noble was the real party in interest and that Rule 17 mandated its substitution or joinder. *Id.* at 6–7. Further, the government argued that because Mr. Steeves was a non-attorney, Rule 83.1(a)(3) prohibited him from "represent[ing] a corporation, an entity, or any other person in any proceeding" before the Court of Federal Claims. *Id.* at 5 (quoting Rule 83.1(a)(3)).

The Court of Federal Claims agreed. In an order, the court acknowledged the government's 41(b) and 12(b)(1) motions but dismissed only on the former ground, without prejudice. Order at 1, *Steeves*, No. 19-1905 (Nov. 24, 2020), ECF No. 26 (Dismissal Order). The Court of Federal Claims concluded that it was obligated, under Rule 17(a)(3), to allow Mr. Steeves an opportunity to join or substitute Camp Noble and ordered that Mr. Steeves do so by January 25, 2021. *Id.* at 3. Mr. Steeves, however, failed to do so and, instead, attempted to file a response to the order which was promptly stricken by the Court of Federal Claims. Resp., *Steeves*, No. 19-1905 (Jan. 25, 2021), ECF No. 27. Once again, the Court of Federal Claims ordered Mr. Steeves to join or substitute the real party in interest and gave him until February 23, 2021 to comply. Order at 3, *Steeves*, No. 19--1905 (Feb. 9, 2021), ECF No. 28 (Striking Order). Instead, Mr. Steeves then attempted to file a response to the Court of Federal Claims' order striking his

prior response and a motion for reconsideration restating his purported grounds for relief. Mot. for Recons., *Steeves*, No. 19-1905 (Aug. 31, 2021), ECF No. 30.

The Court of Federal Claims then filed an order that denied the motion for reconsideration, denied the Rule 12(b)(1) motion to dismiss as moot, and granted the Rule 41(b) motion to dismiss. Order at 9, *Steeves v. United States*, No. 19-1905, 2021 WL 4074436 (Fed. Cl. Sept. 7, 2021), ECF No. 31 (Recons. Order).

Mr. Steeves appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

II

We review the Court of Federal Claims' grant of the government's Rule 41(b) motion to dismiss for abuse of discretion. *Claude E. Atkins Enters. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990). A Rule 41(b) dismissal by the Court of Federal Claims is treated as an exercise of discretion that will not be disturbed unless this court is left with a "definite and firm conviction" that a "clear error of judgment" has occurred. *Id.*

The Court of Federal Claims may properly dismiss a case under Rule 41(b) when the plaintiff has failed to "prosecute or to comply with" the Rules or a "court order" by ruling sua sponte or by granting a motion filed by the parties. R. Ct. Fed. Cl. 41(b). A Rule 41(b) dismissal is especially appropriate in cases where the plaintiff "repeatedly and without valid justification ignore[s] both court-imposed deadlines and court rules." *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986). The relevant rule, in this case, is Rule 17(a)(1), which requires that an action "be prosecuted in the name of the real party in interest." A "real party in interest" is "the party that 'possesses the right to be enforced.'" *Ground Improvement Techniques, Inc. v. United States*, 618 F. App'x 1020, 1025 (Fed. Cir. 2018) (citation omitted). For the purposes of the Court of

Federal Claims, this means that the real party in interest must be one "to whose present, personal benefit a money judgment may run." *Id.* (quoting *Crone v. United States*, 538 F.2d 875, 882 (Fed. Cl. 1976)). If the real party in interest is not joined in the action at issue, the Court of Federal Claims must first provide a reasonable amount of time to allow for joinder before dismissing the case for a failure to prosecute. R. Ct. Fed. Cl. 17(a)(3).

### III

Here, Camp Noble is the real party in interest because the remedy sought in this case is a stay on the notice of levy issued against Camp Noble and a response by the IRS defending its right to levy. To the extent a right exists to pursue such a remedy, that right is owned by Camp Noble, not Mr. Steeves or any other entity. Furthermore, as a corporation, Camp Noble is not a trust that can have Mr. Steeves stand in as a real party in interest as a trustee. Dismissal Order at 2–3 (addressing an exception, codified by Rule 17(a)(1)(E), allowing trustees to prosecute a case in their own name). The Court of Federal Claims did not abuse its discretion in finding that Mr. Steeves was required to join or substitute Camp Noble under Rule 17(a)(1).

The Court of Federal Claims gave Mr. Steeves two separate opportunities to join Camp Noble under Rule 17(a)(3). Striking Order at 3; Recons. Order at 9. But Mr. Steeves missed both court-imposed deadlines. Dismissal Order at 8. Mr. Steeves additionally failed to get an attorney to represent Camp Noble's interests as a corporation, as he was required and ordered to do per Rule 83.1(a)(3). *Id.* Because Mr. Steeves "repeatedly and without valid justification ignored both court-imposed deadlines" and Rule 17(a), *Kadin Corp.*, 782 F.2d at 176,

the Court of Federal Claims' dismissal of this action under Rule 41(b) was appropriate.[1]

Even if this case had been prosecuted in the name of the correct real party in interest, we would have had to dismiss it for lack of subject matter jurisdiction. Subject matter jurisdiction "may be challenged at any time by the parties or by the court sua sponte," *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004)—even on appeal, *United States v. Newport News Shipbuilding & Dry Dock Co.*, 933 F.2d 996, 998 n.1 (Fed. Cir. 1991). In this case, Mr. Steeves's requested remedies are both forms of injunctive relief, not money damages. The Tucker Act limits the Court of Federal Claims' subject matter jurisdiction to "claims for money damages against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Id.* at 1173. Furthermore, the Anti-Injunction Act "flatly prohibits" suits, such as this, that are filed "for the purpose of restraining the assessment or collection of any tax . . . in any court," including the Court of Federal Claims. *Ledford v.*

---

[1]    In his reply brief, Mr. Steeves makes the argument that the true real party in interest in this case is Brother's Keeper Ministries, an entity that supposedly is the beneficiary of the funds generated by Camp Noble as a trust. Reply Br. at 8. But, as noted before, Camp Noble is a corporation—not a trust of which Brother's Keeper Ministries can be a beneficiary. And even if Brother's Keeper Ministries derives its revenue from Camp Noble, the fact remains that the notice of intent to levy was issued against Camp Noble, not Brother's Keeper Ministries. Striking Order at 2. Therefore, it is Camp Noble's financial interests that are directly at stake in this case. Mr. Steeves also never attempted to join or substitute Brother's Keeper Ministries to the suit.

*United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (alteration in original) (quoting 26 U.S.C. § 7421). Even if this court were to interpret Mr. Steeves's complaint as a request for a different form of relief, the Court of Federal Claims still would not have subject matter jurisdiction. *See Carter v. United States*, 86 F.3d 1177, 1996 WL 250313, at *2 (Fed. Cir. May 13, 1996) (citing 28 U.S.C. § 2201) (barring declaratory judgment on tax cases outside of district court with limited exceptions); *Blueport Co. v. United States*, 533 F.3d 1374, 1384 (Fed. Cir. 2008) (citing 26 U.S.C. § 7432) (allowing the taxpayer to bring civil action for damages against the United States only in district court, not the Court of Federal Claims).

## IV

Because Mr. Steeves failed to substitute or join the real party in interest in this suit, we affirm.

## **AFFIRMED**

No costs.